## Truett *v.* The State.

*Larceny.*

(Decided February 5, 1914.  64 South. 529.)

*Criminal Law; Corpus Delicti; Proof.*—It is not necessary that proof of the corpus delicti be shown by positive direct evidence; it is sufficiently shown by facts and circumstances from which the jury may legally infer that the offense has been committed.

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

Mitchell Truett was convicted of petit larceny, and he appeals.  Affirmed.

The witness Alex Johnson testified: ' That certain articles of jewelry were taken from his house about December 26, 1911, among them a gold shirt button, valued at abot $2.  (This button was introduced and identified by witness as his.)  That, at the time he missed the box with the jewelry in it, he and one Chancellor went out to look for tracks, and found a shoe track in the soft ground approaching the house, and traced it until it got to the yard, where it could not be further traced; and that on the other side of the yard leading from the house a barefoot track went through the soft ground to a point where it looked as if some one had sat down, and from there on the track was that of one wearing shoes.  The witness also testified that he measured and compared the tracks, and that they were the same; that he did not follow the tracks, but left Mr. Chancel-

[Truett v. The State.]

lor.   There was other evidence tending to show the giving of the button by defendant, Truett, to another as security in a crap game, and it was finally returned to Mr. Johnson.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, for the State.

PELHAM, J.—The defendant was convicted of petit larceny.   The article stolen was a gold shirt button of the value of $2, the property of one Alex Johnson.

No exception is shown by the bill of exceptions to have been reserved, except to the action of the court in refusing to grant the defendant's motion to exclude the evidence, and discharge the defendant, on the ground that the corpus delicti had not been proven. It is not indispensable to the proof of the corpus delicti that it should be proven by positive direct evidence. It may be proven by facts and circumstances from which the jury might legally infer that the offense has been committed. —*Ryan v. State,* 100 Ala. 94, 15 South. 868. The testimony of Johnson afforded ample evidence from which the jury could legally infer that the offense charged had been committed in the present case.  The evidence of the commission of the offense, and the defendant's guilty connection therewith, was sufficient to submit the case to the jury, and the court properly refused the general charge requested by the defendant.

No error is shown, and the judgment of the trial court will be affirmed.

Affirmed.