(76 South. 325)

### McWHORTER v. STATE. (3 Div. 251.)

(Court of Appeals of Alabama. June 30, 1917.)

1. CRIMINAL LAW ☞563—CORPUS DELICTI—
PROOF—DIRECT EVIDENCE.

The corpus delicti may be proven by facts and circumstances from which the jury might legally infer that the offense has been committed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1269.]

2. LANDLORD AND TENANT ☞253(1)—REMOVAL OF PROPERTY SUBJECT TO LIEN — EVIDENCE—SUFFICIENCY.

In prosecution under Code 1907, § 7342, for selling or removing six bales of cotton with the purpose of defrauding T., who claimed to have a lien for rent and advances where the testimony failed to disclose that the cotton was raised upon T.'s land, the affirmative charge should have been given for defendant.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1031, 1033.]

Appeal from Circuit Court, Autauga County; W. W. Pearson, Judge.

Thomas McWhorter was convicted for selling or removing six bales of cotton with the purpose of hindering, delaying, or defrauding his landlord, and appeals. Reversed and remanded.

Gipson & Booth, of Prattville, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted under section 7342 of the Code, and was tried and convicted for selling or removing six bales of cotton, with the purpose of hindering, delaying, or defrauding one Lewis Tatum, who claimed to have a lien on said cotton for rent and advances due to him by the defendant. It was contended by the state that the said Lewis Tatum had rented the lands from his mother, Mrs. Martha Tatum, and had subrented the same land or a portion thereof to the defendant, and also had made certain advances to the defendant in money, and otherwise to enable him to make a crop. It was admitted that the rent was paid by defendant to Mrs. Martha Tatum, the owner of the land; it was also admitted that the defendant had paid the sum of $30 to said Lewis Tatum on the advances made by him to defendant, and that there was still a balance due which had not been paid. The de-

fendant, on the other hand, contended that he did not at any time rent any land from the said Lewis Tatum, and insisted that he rented the land from Mrs. Martha Tatum, to whom he paid the rent when it fell due.

[1] It is insisted by the defendant that the court erred in refusing the general affirmative charge requested by him in writing, for that the corpus delicti had not been proven. The facts necessary to establish the corpus delicti in this case are: (1) That Lewis Tatum was the landlord of the defendant; (2) and as such had advanced to the defendant certain money or other valuable thing, and that the same was due and unpaid; (3) that the cotton in question was raised upon the lands rented by the defendant from the said Lewis Tatum; and (4) that in selling this cotton, the defendant had the purpose either to hinder or delay the landlord in the collection of the amount due either for rent or advances, or to defraud him in whole or in part in the enforcement of his lien upon said cotton. These facts must have been proven by the evidence in the case. It is not indispensable to the proof of the corpus delicti that it should be proven by positive direct evidence. It may be proven by facts and circumstances from which the jury might legally infer that the offense has been committed. Ryan v. State, 100 Ala. 94, 14 South. 868; Truett v. State, 10 Ala. App. 108, 64 South. 529.

[2] A careful examination of this record and of all the testimony in the case fails to disclose any proof by any witness, either for the state or for the defendant, that the cotton in question was raised upon the Tatum land. There was evidence tending to show that the defendant cultivated other land during the year 1914. The evidence having failed to show this necessary and essential fact, that the cotton described in the indictment was raised upon the land rented to defendant by Lewis Tatum, and there having been no facts and circumstances from which the jury might legally infer that fact, we are of the opinion that the state has not met the required burden, and that therefore the defendant was entitled to the affirmative charge requested in writing and refused by the court.

For this error, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes