(123 So. 279)
## McCULLERS v. STATE.   (7 Div. 566.)

Court of Appeals of Alabama.   June 29, 1929.

E. O. McCord & Son, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.  The evidence for the state tends to prove that the defendant contracted to purchase from a firm of which J. V. Liles was a partner a secondhand automobile.  He paid $25 cash, and gave his notes and a retention title contract to secure the payment of the balance of $125, upon the execution of which the car was delivered to defendant. The sale and delivery of the car was in Gadsden, and the defendant resided at Altoona, both in Etowah county.  None of the deferred payments were ever made, and shortly after the delivery of the car defendant moved away from Altoona and out of Etowah county, taking the car with him, all of which was without the knowledge or consent of the parties holding the lien.  From the date of removal until the day of trial, defendant has failed and refused to tell where the car is or where it was carried, and he has failed to pay or to make any effort to pay the amounts due, although repeated demands were made on him for payment.  The defendant offered no testimony.

It is insisted by defendant that the corpus delicti was not proven, and that therefore the defendant was entitled to the general affirmative charge.  It is not indispensable to the proof of the corpus delicti that it should be proven by positive direct evidence.  It may be proven by facts and circumstances from which the jury might legally infer that the offense has been committed.  McWhorter v. State, 16 Ala. App. 168, 76 So. 325.  Upon the sale and delivery of the automobile to the defendant, the situs, for the purposes of the contract and as between the parties thereto, became fixed at Altoona, the then domicile of the defendant.  The very nature of the property would authorize its use in going to and coming from that base or its use generally as

a vehicle of travel, but its situs could not be changed in such manner and under such circumstances as to hinder, delay, or defraud the holder of the written lien. 22 R. C. L. 68 (44).

It was admitted in this case that the defendant, after acquiring possession of the automobile and giving a written lien thereon, had removed his domicile from Altoona to some other part of the state; that he moved the car with him; that he said nothing to the lienholder about it; that he still retains the car in some place of which he refuses to inform the lienholder or he has disposed of same; that he has paid nothing on the deferred notes. The hiding of personal property on which a person has given a written lien, so that the ordinary processes of law cannot reach it or that the lienholder will be impeded in the enforcement of his lien, are facts which go to the jury as a part of the evidence necessary to establish the corpus delicti.

Whether the defendant paid the notes given for the purchase of the automobile or not is not an ingredient of the crime here charged, but is a circumstance, taken in connection with other facts going to the intent of defendant in the removal of the car. Caughlan v. State, 22 Ala. App. 220, 114 So. 280.

The statement of defendant on the first trial of this case, in open court, while he was giving testimony as a witness in his own behalf, was admissible on this trial, as tending to prove evasions in telling what disposition he had made of the car.

Sufficient evidence was offered by the state tending to prove the corpus delicti, independent of any confession. This being the case, incriminatory statements of defendant, shown to be voluntary, were admitted without error.

There are many objections and exceptions to evidence based upon a failure of the state to prove the corpus delicti. As we see it, the state met this burden independently of any confession or admission of defendant, and hence all these rulings were without error.

We find no error in the record, and the judgment is affirmed.

Affirmed.