# Walling *v.* The State.

### Murder.

(Decided November 28, 1916.   Rehearing denied December 19, 1916.
73 South. 216.)

1. **Trial; Evidence; Objection.**—Where no objection was made before a responsive answer was given, the question of the admissibility of the testimony is not raised.

2. **Evidence; Res Gestae.**—A conversation between deceased, and defendant immediately after the firing of the fatal shot was admissible to show defendant's hostile state of mind at the time.

3. **Appeal and Error; Harmless Error; Evidence.**—Where the evidence of a fact had gone into the case without objection, it was not prejudicial to permit the same fact to be shown over objection.

4. **Evidence; Confession; Predicate.**—Where the circumstances showed that the confession was voluntarily made, the predicate was sufficient on which to introduce the confession, although the predicate failed to show an absence of threat, and was limited to reward, hope of reward, or inducements.

5. **Same.**—Where the circumstances show that a confession was voluntary, the prima facie presumption that they are involuntary is so far overcome as to render them admissible.

6. **Appeal and Error; Harmless Error; Evidence.**—Where it was uncontroverted, and was admitted that a state's witness made a statement on the preliminary trial, the exclusion of evidence sought to be introduced by defendant to prove that fact, was harmless.

7. **Witnesses; Impeachment.**—Where defendant offers himself as a witness, he becomes subject to impeachment as any other witness.

8. **Same.**—Where defendant testifies in his own behalf, the state is not limited to showing his reputation for peace and veracity, but may show his general reputation, provided the question as to general character is limited to the time prior to the commission of the offense, and does not cover the time from the commission of the offense to the trial; the rule as to limitation to the question of credibility as based on reputation for truth and veracity at the time of testifying, not being applicable in such a case.

9. **Appeal and Error; Review; Specific Objection.**—Where the objection went only to the entire testimony, and no move was made to limit it, nor was any instruction requested as to that matter, error cannot be predicated upon a failure to properly limit testimony.

10. **Same; Instructions.**—Where no exceptions were reserved to the court's oral charge on the trial, such oral charge will not be reviewed on appeal.

11. **Charge of Court; Directing Verdict.**—The evidence examined and held not to justify a directed verdict for defendant.

**12. Same; Ignoring Issues.**—Under § 6219, Code 1907, where there was evidence to show that defendant, his wife and step-daughter, were all accessories to the killing, and that defendant would have been guilty, though he did not personally fire the fatal shot, charges predicating his guilt on his having personally fired the fatal shot, or having killed deceased, were properly refused.

APPEAL from Coffee Circuit Court.

Heard before Hon. A. B. FOSTER.

(This cause was reviewed by the Supreme Court on application for certiorari to the Court of Appeals, and writ denied. See *Ex parte Walling*, 198 Ala. 702, 73 South. 103.)

William T. Walling was convicted of murder in the second degree, and he appeals. Affirmed.

The facts sufficiently appear. The following charges were refused to defendant:

(1) If the jury, after considering all the evidence, have a reasonable doubt as to whether defendant fired the shot which killed deceased, then it will be their duty to acquit defendant.

(3) If there is a probability that another, and not the defendant, fired the shot that killed Jim Sexton, defendant should be acquitted.

(4) The issue of fact in this case is as to whether or not defendant killed Jim Sexton, and if he did not, he cannot be convicted.

H. L. MARTIN, J. A. CARNLEY, M. A. OWEN, KYLE B. PRICE, and M. S. CARMICHAEL, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant, William T. Walling, was charged with killing one Jim Sexton; the indictment was for murder in the second degree. The defendant was found guilty and sentenced to ten years' imprisonment in the penitentiary.

The testimony set out in the transcript is voluminous, and much of it but a repetition; many of the witnesses being examined several times regarding the same matters. For the purposes of a proper understanding of the rulings of the trial court to be passed upon here a short synopsis of the evidence will suffice.

The deceased, who was unknown to, or not recognized by, the defendant or other members of his family, passed the home of

the defendant on a certain night, with his son, cursing and shooting; the defendant's evidence supporting the contention that these parties were shooting into his house. The defendant, his wife and stepdaughter, returned the fire, and a skirmish took place between the parties in which many shots were fired. The son of the deceased, as a witness in behalf of the state, testified that after this first round of shooting, he took his father's pistol from him, and that deceased (his father) started home, but that he became exhausted on account of a trouble with his heart, and that he left deceased on the roadside and went home to get a wagon in which to carry him home. After the first shooting, which did not result in any one being shot, the defendant and his stepdaughter ran down from the house into the pasture towards and near to the road in the direction in which the deceased and his son had gone. It was defendant's contention that this was for the purpose of finding out and identifying the parties, while it was the state's theory that it was for the purpose of pursuit and continuing the difficulty. The defendant and his stepdaughter, being unable to locate the parties, returned and went to the house of some of the neighbors to replenish their supply of ammunition. When returning home, after procuring the ammunition, they encountered the deceased and the difficulty ensued, resulting in the shooting to death of Sexton, the deceased. The evidence is in conflict as to the position of the parties and their actions just prior to and at the time of the fatal shooting. The defendant's contention (supported by some of the evidence) was that he, his wife, and stepdaughter, were all on the porch of his home at the time the fatal shooting took place, and that the deceased was advancing towards his house cursing, threatening, and shooting. The evidence of the state tended to show that at the time of the fatal shooting the defendant and his stepdaughter were out in the road in front of the house in close proximity to the deceased. It is without conflict that the defendant, his wife, and stepdaughter actually participated in the shooting, and several of the state's witnesses testified that the deceased had committed no overt act at the time of this second shooting, when he was killed. According to the uncontroverted evidence, the deceased had been previously disarmed by his son, and had no weapon at the time he was fired upon by the defendant, his wife, and stepdaughter, and was shot and killed.

(1) The statement made by the defendant to his wife shortly after the difficulty to the effect that she was a coward was admissible as a part of the res gestæ; this question, however, is not raised as no objection is shown to have been interposed to the question eliciting this testimony, and from aught appearing, the answer was responsive to the question.—*Granberry v. State,* 184 Ala. 5, 63 South. 975; *McCaskey Register Co. v. Nix Drug Co.,* 7 Ala. App. 309, 61 South. 484.

(2, 3) There was no error committed by the trial court in permitting the state to introduce the conversation which took place immediately after the firing of the fatal shot between the deceased and the defendant. It was admissible to show the defendant's hostile state of mind at the time, following so closely, as it did, upon the homicidal act.—*Smith v. State,* 183 Ala. 10, 24, 25, 62 South. 864. This same testimony had been brought out without objection during the examination of the witnesses Pearl Walling and R. P. Cauley and Mrs. R. P. Cauley, and there could be no prejudicial error to permit the same fact to be shown over objection.—*Falkner v. State,* 151 Ala. 77, 44 South. 409.

(4, 5) The predicate laid for the purpose of introducing evidence of the conversation had by the defendant with the witness A. J. McKey was hardly as full and explicit as it should have been as a basis for proof of a confession, in that it failed to predicate threats, or rather, an absence of threats, and was limited to reward, hope of reward, and inducement. The circumstances under which it was made, however, clearly show that it was voluntarily made, and the infirmities of the predicate were cured, or the evidence rendered admissible as circumstantially appearing to have been voluntary, overcoming the prima facie legal presumption that it was involuntary.—*Green's Case,* 168 Ala. 90, 53 South. 286.

(6) It was admitted, and the evidence was uncontroverted, that the state's witness Mary Glenn made the statement on the preliminary trial which the defendant sought to introduce evidence to prove, and its exclusion, under these conditions, is a matter of which defendant cannot complain.—*Francis v. State,* 188 Ala. 39, 45, 65 South. 969.

(7-9) The defendant, having testified in his own behalf, was subject to impeachment in the same manner as any other witness.—*Cox v. State,* 162 Ala. 66, 70, 50 South. 398. The defendant's contention that when it appeared on the cross-examination

of a witness that he was testifying to the defendant's general reputation prior to the commission of the offense, but not limited to reputation for truth and veracity, that his evidence should have been excluded, is not well taken. In the case of *Byers v. State*, 105 Ala. 31, 39, 40, 16 South. 716, 719, it is said in the opinion of the court: "Nor was there any ground for the complaint made, as to the impeachment of the defendant—who had testified in his own behalf—by the witness McDonald. The question propounded to him was: 'Do you know the general character of Eugene Byers in the neighborhood in which he lives?' This was objected to by defendant's counsel, because, as stated, 'his character is not admissible, only as far as truth and veracity are concerned.' The objection was properly overruled. General bad character, simply, may be proved, to impeach a witness, without asking the further question of the impeaching witness, if he would believe him on oath in a court of justice.—*Mitchell v. State*, 94 Ala. 73 [10 South. 518] ; *Birmingham U. R. Co. v. Hale*, 90 Ala. 11 [8 South. 142, 24 Am. St. Rep. 748]. The inquiry may also be extended, but not limited, to his character for truth and veracity.—*Davenport v. State*, 85 Ala. 338 [5 South. 152]."

The question as to the general character of the defendant calling for an answer confining, as it did, the time to a period prior to the commission of the offense, and not covering the time from then up to the trial, the rule as to limitation to the question of credibiilty as based on reputation for truth and veracity at the time of testifying is not applicable.—*Smith's Case*, 197 Ala. 193, 72 South. 316. Nor was there any instruction requested or motion made to limit this testimony, but only objections made going to the entire testimony.—*Hanners v. State*, 147 Ala. 27, 41 South. 973.

(10) That part of the oral charge urged as erroneous by defendant's counsel in brief is not before us and cannot be considered, as no exception is shown to have been reserved thereto on the trial.—*Barlew v. State*, 5 Ala. App. 290, 57 South. 601; 4 Enc. Dig. Ala. Rep. p. 514, § 698.

(11) Charge 2, the general charge in behalf of defendant, was very properly refused.

(12) Charges 1, 3, and 4 requested by the defendant ignore the fact that there was evidence tending to show that the defendant, his wife, and his stepdaughter were all accessories to the killing, and that the defendant could have been guilty, al-

[Gulfport Fert. Co. v. Jones.]

though he did not personally fire the shot that proved fatal.—
Code 1907, § 6219; *Jones v. State,* 174 Ala. 53, 57 South. 31.

We find no injurious error in the record, and an affirmance
must be ordered.

Affirmed.