(75 South. 873)

EDMONDS v. STATE. (6 Div. 271.)

(Court of Appeals of Alabama. May 29, 1917. Rehearing Denied June 15, 1917.)

1. WITNESSES ⟨⟶237(3)—EXAMINATION—ASSUMING FACTS.

Questions propounded to a witness assuming the truth of a fact as to which no evidence had been produced were properly excluded.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 831.]

2. HOMICIDE ⟨⟶169(1) — EVIDENCE—MATERIALITY.

In prosecution of a man for alleged murder of his grandchild, testimony that the father and his wife had a difficulty three weeks before the homicide, and that the wife told accused thereof, is immaterial.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 341.]

3. CRIMINAL LAW ⟨⟶1170½(2)—EVIDENCE—EXAMINATION OF WITNESSES.

Error, if any, in permitting the son-in-law of accused to say whether he had married accused's daughter over the objection of accused and his wife was without prejudice, where the witness answered in the negative.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3130.]

4. HOMICIDE ⟨⟶169(9) — EVIDENCE—MATERIALITY.

In prosecution for murder, evidence of what accused's daughter said to him when she reached his place eight hours before the offense was immaterial.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 347, 350.]

5. WITNESSES ⟨⟶277(2) — EXAMINATION — SCOPE.

While it is not permissible for a witness to testify as to an undisclosed intention or purpose on his examination in chief, it is permissible for the other party, on cross-examination, to call for such undisclosed purpose, and accused may be asked whether he intended to kill a certain person when he shot.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 980.]

6. CRIMINAL LAW ⟨⟶815(9) — REASONABLE DOUBT—INSTRUCTIONS.

Requested instruction that, if the jury has a reasonable doubt growing out of any part of the evidence, it should acquit, was properly refused as pretermitting consideration of all the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1922, 1986.]

7. CRIMINAL LAW ⟨⟶829(18)—INSTRUCTIONS—CURE OF ERROR.

Error in refusing an instruction that, if the jury has a reasonable doubt as to who inflicted the wound causing death, it should acquit, was cured by further instruction to acquit unless convinced beyond a reasonable doubt that accused was guilty.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011.]

8. CRIMINAL LAW ⟨⟶1110(8)—APPEAL—RECORD.

Where certiorari issued commanding the clerk to send up a duly authenticated copy of the judgment entry, it was not complied with by a certificate reciting a portion of the judgment entry, though that portion was the part to secure which the writ was issued.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2911–2915.]

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Willie Edmonds was indicted for murder in the second degree, and he appeals. Affirmed in part, and in part reversed and remanded.

The charge is that Edmonds killed Willie Ralls, when about five months old. The defendant seems to be the grandfather of the child, and the evidence for the state tended to show that at the time the shot was fired Calvin Ralls, son-in-law of defendant, had the child in his arms, or was just passing it back to his wife. The defendant and his wife objected to Ralls coming upon the place, but he was there to speak to his wife, who was spending the night with her father, the defendant. The following charges were refused to defendant:

If you have a reasonable doubt growing out of any part of the evidence whether the child was alive at the time the gun was fired, then you should find defendant not guilty.

(34) The humane provision of the law is that every one charged with crime is presumed to be innocent, and this presumption goes with him as a shield for his protection throughout the entire trial until the state removes it by satisfying evidence of such character as to establish his guilt to a moral certainty.

E. B. & K. V. Fite, of Hamilton, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The ruling of the court on the objections of the solicitor to questions asked the witness Mary Ralls, eliciting evidence as to what occurred while her husband had the child "down behind the garden," was free from error. These questions assumed the existence of a fact of which at this time there was no evidence—that Ralls had the baby "down behind the garden."

[2] It was not material to any issue in this case that Ralls and his wife had a difficulty three weeks before the alleged homicide, and that Ralls' wife had told her father, the defendant, of the difficulty.

[3] The only purpose of the question asked the witness Calvin Ralls, "Did you marry her over the objection of her father and mother?" was to elicit evidence tending to show a state of bad feelings between the defendant, and Ralls, and if it was error to overrule the defendant's objection to the question, the error was clearly without injury, for the reason that the witness gave a negative answer to the question. Furthermore, the defendant, in his statement to the jury, admitted that his feelings towards Ralls were bad.

[4] The evidence shows without dispute that the witness Mary Ralls got to defendant's house between 12 and 3 o'clock in the afternoon, and the alleged homicide occurred about 11 o'clock that night. Therefore any conversation between Mary Ralls and the

defendant at the time she arrived at defendant's house was not material, and, though she denied making any statement to the defendant concerning her separation. from her husband, and of her intention not to live with him, it was not permissible to impeach her as to such immaterial matters.    Crawford v. State, 112 Ala. 1, 21 South. 214.

[5] While it is not permissible for a witness to testify as to an undisclosed intention or.purpose on his examination in chief, it is permissible for the other party, on cross-examination, to call for such undisclosed purpose.    Fuller v. Whitlock, 99 Ala. 411, 13 South. 80.    The court properly overruled the defendant's objection to the question propounded to the defendant by the solicitor, "You intended to kill him?"

[6] Refused charge "hh" pretermits consideration of all the evidence, and was properly .refused.    The principles of law embodied in refused charge 34 were given to the jury in given charge 25.    The defendant's version of the necessity for the shooting resulting in the death of the infant of Ralls is. thus stated by him:

"He [Ralls] was cursing me when I shot the gun.    I asked him to leave the house, and he told me to shoot, and said I couldn't shoot a man and him looking at me; and I told him a second time to leave, and he told me to shoot, and that I didn't have nerve enough to shoot a man, and then I told him a third time to leave.    Then he used some very vile language that I do not want to repeat here in the presence of the stenographer and other ladies present. * * * Calvin Ralls set his foot on the floor and was making those bad remarks to me when I shot him.    Because he cursed me and put his foot on the floor toward me was not the only reason that I shot him; he was imposing on my family. I don't know what he meant to do, whether he meant to kill me or not.    I can't say whether he intended to kill me or not.    I couldn't say whether he was trying to hurt my daughter or not."

There is nothing in this statement or any other evidence in the case showing or tending to show that defendant, or his daughter, or any other member of his family was in impending peril of death or grievous harm at the hands of Ralls, which was essential to the right of defendant to invoke the doctrine of self-defense.    Brewer v. State, 160 Ala. 66, 49 South. 336.

The litigated question in this case is whether the child was killed by Ralls before the defendant shot at Ralls, or was killed by the shot fired by the defendant at Ralls.    On this issue the court instructed the jury in the oral charge:

"Now, gentlemen, it does not seem to be controverted in this case but that the defendant shot at Calvin Ralls, and that the shot from the gun hit the child.    It is not controverted but that the defendant did not intend to kill the child, but, gentlemen, the law is that, if the defendant shot at Ralls with the intent of killing him, and missed him and hit the child, unless he were justified in shooting at Ralls, he would not be justified in killing the child, and if you are satisfied from the evidence beyond a reasonable doubt that the defendant shot at Ralls and missed Ralls, but hit the child, and that this shot caused the death of the child, it will be your duty to convict the defendant, unless you further believe that defendant acted in self-defense in shooting at Ralls, and I will charge you hereafter what it takes to constitute self-defense.

"Now, if the child was already dead when the defendant shot at Ralls, then, gentlemen of the jury, in that event it would be your duty to acquit the defendant, but if the child was not dead at the time it was shot, and the shot caused its death, it would be your duty to convict him, unless you further find that he acted in self-defense, or if the child had received a mortal wound, and this defendant shot at Ralls and the shot hit the child, and he was not justified, and the shot hastened the death of the child, and if you are satisfied of that from the evidence beyond a reasonable doubt, it will be your duty to convict him, unless you are further satisfied from the evidence that he acted in self-defense. * * * Now, gentlemen of the jury, if, after a careful consideration of all the evidence in the case, you are satisfied beyond reasonable doubt that the defendant shot at Ralls and that the shot killed the child, and that he shot as the result of malice, either express or implied, then, gentlemen, it will be your duty to convict the defendant, as charged in the indictment—i. e., for murder in the second degree. * * * If you are not satisfied from all the evidence beyond reasonable doubt that he shot at Ralls with malice or unlawfully, but you are satisfied beyond a reasonable doubt that he shot at him in self-defense, as I defined what it took to constitute self-defense to be to you, then it would be your duty to acquit him.    Or in the event you are not satisfied from the evidence that he killed the child, but that Ralls killed it and it was dead before the shot hit it, it would be your duty to find the defendant not guilty."

[7] In addition to the foregoing instructions, the court charged the jury as to reasonable doubt as follows:

"The plea of not guilty of the defendant places upon the state the burden of proving his guilt beyond a reasonable doubt.    This means, gentlemen of the jury, an actual, substantial doubt growing out of the testimony in the case.    You gentlemen are not allowed to go outside of the evidence into the field of imagination and speculation to hunt up a doubt upon which to acquit, but the doubt under which you are authorized to acquit must be a substantial doubt, and it must grow out of the testimony in the case."

The court refused the following special charge requested by the defendant in writing which was not covered by any other special charge given at the instance of the defendant:

"(cc) Gentlemen of the jury, if you have a reasonable doubt as to who inflicted the wound that caused the death of the child, then you should find the defendant not guilty."

The court erred in refusing this charge, but this court is of the opinion that the error is cured by the instruction embodied in the oral charge.

[8] Before submission of this case a certiorari was awarded, directed to the clerk of the trial court, commanding him to send up a duly authenticated copy and transcript of the judgment entry in the case.    The occasion of this certiorari was to perfect the record so as to show that the judgment entry recited that the defendant was asked, before sentence was pronounced, if he had anything to say as to why the judgment of the law

should not be pronounced against him. The clerk did not certify a copy of this judgment entry in response to the mandate of this writ, but, instead, made a certificate to the effect that:

"In the judgment of conviction in said cause, page 507, vol. 5, of the minutes of said court, there appears the following words, to wit: 'The defendant, Willie Edmonds, being in open court, and being asked if he had anything to say why the judgment of the court should not be passed upon him, he says nothing.' I hereby further certify that the above-quoted sentence appears in said judgment entry, and with this added to the said judgment entry as same now appears in the said transcript of said case that the same will be complete."

This certificate was not in compliance with the mandate of the writ of certiorari, and cannot be treated as curing the defect in the record. The clerk should have sent up, under proper certificate and seal, a copy of the judgment entry.

The judgment of conviction will be affirmed, the sentence is set aside and vacated, and the case remanded for resentence, as required by law. Bryant v. State, 13 Ala. App. 206, 68 South. 704; Ex parte Robinson, 183 Ala. 30, 63 South. 177; Minto v. State, 9 Ala. App. 98, 64 South. 369.

Affirmed in part, and in part reversed and remanded.