(79 South. 802)

SMITH v. STATE. (3 Div. 325.)

(Court of Appeals of Alabama. June 29, 1918. Rehearing Denied Oct. 8, 1918.)

1. CRIMINAL LAW ⊚═563—CORPUS DELICTI —CIRCUMSTANTIAL EVIDENCE.
   The corpus delicti may be proven by facts and circumstances, positive direct evidence not being indispensable.

2. CRIMINAL LAW ⊚═693 — OBJECTIONS TO TESTIMONY—TIME.
   Objection to testimony of a witness came too late, where not made until question had been asked and witness had given his answer thereto.

3. LARCENY ⊚═43—CORPUS DELICTI—EVIDENCE—ADMISSIBILITY.
   Testimony of witness that he had seen B., to whom defendant had given alleged stolen property, in possession thereof, held competent as tending to prove corpus delicti.

4. CRIMINAL LAW ⊚═407(2) — FAILURE TO REPLY TO INCULPATORY STATEMENT.
   Statement by B., in presence and hearing of defendant, that defendant had given him alleged stolen property, was an inculpatory statement, calling for a response by defendant, and, where he failed to respond, evidence thereof was admissible.

5. CRIMINAL LAW ⊚═448(1)—CONCLUSIONS OF WITNESS.
   A witness cannot testify as to what another witness knows about a matter; this being a conclusion or opinion.

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 541.    [2] Ante, p. 542.

6. CRIMINAL LAW ⬤═448(1)—CONCLUSIONS OF WITNESS.

The general rule is that witnesses must testify to facts, and are not permitted to give their conclusions, or to express mere matters of opinion.

7. CRIMINAL LAW ⬤═753(2) — AFFIRMATIVE CHARGE.

Where evidence, if believed beyond a reasonable doubt, authorized conviction, affirmative charge for defendant was properly refused.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Raymond Smith was convicted under an indictment charging grand larceny, receiving stolen property, etc., and appeals. Affirmed.

Wm. R. Brassell and Brassell & Brassell, all of Montgomery, for appellant. F. Loyd Tate, Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, jointly with another, who was not on trial in this case, for the offense of grand larceny in counts 1 and 2 of the indictment, and for receiving stolen property, etc., in the third count. There was a general verdict of guilty as charged, and the defendant was sentenced to imprisonment in the penitentiary for a term of three years.

[1] On this appeal it is first contended that the corpus delicti was not proven. However, an examination of the testimony, as shown by the bill of exceptions in this case, discloses the fact that there is no merit in this contention. It has repeatedly been held by the Supreme Court, and by this court, that it is not indispensable to the proof of the corpus delicti that it should be proven by positive direct evidence. It may be proven by facts and circumstances from which the jury might legally infer that the offense has been committed. Ryan v. State, 100 Ala. 94, 14 South. 868; Truett v. State, 10 Ala. App. 108, 64 South. 529. In the instant case, the testimony of state's witnesses Chandler, King and Gates afforded ample evidence from which the jury could legally infer that the offense charged had been committed.

[2, 3] The objection of the defendant to the testimony of the witness King that he saw Benjamin with the alleged stolen property at or near the Western Depot came too late, as the objection was not made until after the question had been asked the witness and his answer thereto given, and the court did not err in overruling it. Moreover, this testimony was relevant as a circumstance going to prove the corpus delicti.

[4] The statement of Benjamin that the defendant gave him the barrel of sugar, the property alleged to have been stolen, is treated by defendant's counsel as a confession, and his objections in the court below and argument in brief here are based upon this theory: it being contended by him that no proper predicate had been laid for the introduction of this statement, and that the corpus delicti was not proven, etc. This statement of Benjamin, as testified to by several witnesses, was in no sense a confession by him, but was an inculpatory statement in the nature of an accusation made in the presence of the defendant, who stood silent, and the statement or accusation was not corrected or denied by him. The well-settled rule in relation to evidence of this character is that the statement must be of a character which naturally calls for a reply, and the party to be affected by it must be in a situation in which he would probably respond to it. We cannot doubt that the statement made by Benjamin in the presence and hearing of the defendant that he (defendant) gave him the barrel of sugar was such as naturally to call for a response from the defendant. There was nothing in his situation or surroundings which made it improbable that he would respond, he did not do so, and there was no error in the ruling of the court in this connection.

[5, 6] The court did not err in sustaining the state's objection to the question propounded to witness Benjamin: "Did Raymond Smith know you had that barrel of sugar on that dray?" A witness cannot testify as to what another witness knows about a matter, as this would call for a conclusion on the part of the witness, or would be the expression of a mere matter of opinion. The general rule is that witnesses must testify to facts, and are not permitted to give their conclusions, or to express mere matters of opinion, and the matter inquired about is a question for the jury to determine, when taken in connection with all the other evidence in the case.

The rulings of the court on the question of flight of the defendant were free from error. On this question the defendant was permitted to explain his flight, and was allowed to show that the reason he did flee from the state was because of his fear of having to go to jail. Other facts in this connection, offered to be proved by the defendants, were clearly inadmissible.

[7] The affirmative charge, requested by the defendant, was properly refused, as there was ample evidence in the case to justify a submission of the case to the jury for its consideration, and, if believed by them beyond a reasonable doubt, to authorize them in convicting the defendant.

The action of the court in refusing to grant a new trial is not presented for review. Acts 1915, p. 815; King v. State, ante, p. 103, 75 South. 692; Britton v. State, 15 Ala. App. 584, 74 South. 721; Benton v. State, ante, p. 192, 76 South. 476; Bell v. State, ante, p. 36, 75 South. 181.

The judgment is affirmed.