### MARLOW v. STATE. (4 Div. 271.)

(Court of Appeals of Alabama. Jan. 11, 1927.)

1. Intoxicating liquors ⬤⇒236(19)—Evidence held insufficient to support verdict for possessing still.

In prosecution for possessing still, evidence held insufficient to support verdict where based solely on inculpatory statement made in presence of defendant, who did not reply, where defendant was weak-minded and hard of hearing.

2. Criminal law ⬤⇒407(2)—Undenied inculpatory statement, to be admissible, must have been heard and understood by defendant under circumstances calling for response.

Inculpatory statement made in presence of defendant, to be admissible, must have been such as to call for reply, under circumstances where defendant would probably respond, and must have been heard and understood by defendant, who remained silent.

3. Criminal law ⬤⇒451(4)—Statement of witness that defendant's son acknowledged still belonged to father held inadmissible.

Statement of witness that defendant's son acknowledged still belonged to his father held improperly admitted, in prosecution for possessing still, because mere conclusion of witness.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Criminal law ⬤⟿773(1)—Refusal to charge that jury should consider whether defendant was weak-minded in determining weight of statement held error, in prosecution for possessing still.**

In prosecution for possessing still, where defendant was admitted to be imbecile, or at least weak-minded, refusal to charge that, if jury believed defendant was weak-minded at time he made statement to officers at still, they might consider that fact in determining weight of his statement, *held* error.

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

Henry Marlow was convicted of possessing a still, and he appeals. Reversed and remanded.

These charges were refused to defendant:

"(3) The court charges the jury that, if you believe the evidence in this case, you cannot find the defendant guilty as to the second count of the indictment."

"(5) The court charges the jury that, if you believe from the evidence that Jim Marlow was a weak-minded man at the time he made the statement to the officers at the still, then you may consider that fact in determining the weight of his statement."

W. H. Stoddard, of Luverne, for appellant.

The evidence was not sufficient to support the verdict of conviction, and the affirmative charge should have been given for defendant. Parsons v. State, 20 Ala. App. 615, 104 So. 556; Gilbert v. State, ante, p. 175, 106 So. 217; Burnett v. State, ante, p. 274, 107 So. 321. The statement of witness Jim Marlow was not admissible, and defendant's charge 5 was erroneously refused. Lawson v. State, 20 Ala. 65, 56 Am. Dec. 182.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] The guilt, and therefore the conviction of this appellant, rested solely upon an inference the result of an inculpatory statement alleged to have been made in his presence by his own son, Jim Marlow. The testimony without dispute, showed that Jim Marlow was an imbecile, or at least was very weak-minded, and to that extent necessarily irresponsible. The evidence also showed that the defendant, father of Jim Marlow, was deaf, or "hard of hearing," as all the testimony disclosed. Therefore it is not conclusive, or at all certain, that the defendant heard the incriminatory accusation. This being true, we are of the opinion that the court should have, in all fairness to the defendant, granted defendant's motion for a new trial, as the evidence of the state did not measure up to the required rule in order to fasten guilt upon him.

[2] The rule as to inculpatory statements made in the presence of defendant is stated in the case of Smith v. State, 16 Ala. App. 546, 79 So. 802. The court said:

"The well-settled rule in relation to evidence of this character is that the statement must be of a character which naturally calls for a reply, and the party to be affected by it must be in a situation in which he would probably respond."

In Rowlan v. State, 14 Ala. App. 17, 70 So. 953, this court said:

"Silence in the face of pertinent accusation of crime by the party accused partakes of the nature of a confession, and is admissible as a circumstance to be considered by the jury as tending to show guilt; *but, to be admissible, it must be shown that the accused heard and understood the charge against him* under circumstances calling on him for a denial, and that he was silent."

[3, 4] Over the objection, motion to exclude, and exception of defendant, the court permitted the state to prove by its witness P. H. McQueen in reply to the question by the solicitor, "What did Jim say?" witness replied: "He acknowledged that the still belonged to his father." This answer was but a mere conclusion of the witness as to "what Jim said." He should have recited the conversation as best he could and should not have been allowed to draw deductions or his conclusion as to the meaning or purport of the statement. This ruling was error. Refused charges 3 and 5 should have been given. Other questions are presented, but need not be discussed.

Reversed and remanded.