1 So.2d 593

**MOSLEY v. STATE.**

**2 Div. 157.**

Supreme Court of Alabama.

April 10, 1941.

Walter P. Gewin, of Greensboro, and E. F. Hildreth, of Eutaw, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm H. Loeb, Asst. Atty. Gen., for the State.

GARDNER Chief Justice.

The appeal is from a conviction for the offense of rape with penalty fixed at imprisonment for a period of twenty-five years. Defendant, a young man about twenty-three years of age, met the prosecutrix, a young woman nineteen years of age, on one Sunday night in Eutaw at what is known as the Snack Shack Inn, where there was eating, drinking and dancing. Neither defendant nor the young woman, however, were shown to have been engaged in drinking or dancing, though they appear to have been eating together with others at the same table.

We omit details as unnecessary here to relate. Suffice it to say prosecutrix testified that about ten o'clock that night she was driven in a car in which was defendant and his friend out on the road where defendant by force and with the assistance of his companion had sexual intercourse with her. Defendant admitted the intercourse but insisted there was no force used and that the act was entirely voluntary.

The two then carried her to her home where her father and sister lived. Her father was at home when she reached there Sunday night just after the alleged offense, and though he was absent at work the following Monday was at home Monday night. She made no complaint to him but states she did complain to her brother, who lives fifteen miles from her home in Eutaw, on Tuesday following the Sunday night in question. In company with her father and sister-in-law she went to the family physician on Wednesday following this Sunday night. There was no error in overruling defendant's objection to the testimony of the physician to the effect that in his opinion, upon such examination, this was the first intercourse prosecutrix had experienced. 52 C.J. 1085, and authorities cited in note.

It appears defendant lives at Akron in the same County as Eutaw. Prosecutrix testified that on Wednesday at one o'clock following the Sunday in question she went to Akron with her sister-in-law and stayed about thirty minutes. Defendant then on further cross-examination asked if it was not a fact she did not make this complaint "against defendant until after the trip to Akron". The State's objection was sustained, and likewise objections to questions which sought to elicit when and before whom she "swore out the warrant" for defendant's arrest, were sustained. The materiality of evidence as to a delay on the part of the prosecutrix in making complaint is well recognized. 52 C.J. 1069. And we think it clear enough these rulings too narrowly restricted defendant in his cross-examination of the witness and constituted error. Barnett v. State, 83 Ala. 40, 3 So. 612; Wilson v. State, 195 Ala. 675, 71 So. 115. But appellant introduced the affidavit and warrant which disclosed the date of its issuance as on Wednesday, though nothing was stated by any witness as to whether or not this was before or after prosecutrix had made the trip to Akron.

However, defendant's record must not only show error, but that such error probably injuriously affected some substantial right. The question upon its face gives no indication of its purpose nor was the purpose otherwise disclosed. There is no indication in the record what was the connection between the trip to Akron and the swearing out of the warrant, and no prima facie relevancy is made to appear. The ruling, therefore, does not constitute error to

reverse. Parrish v. State, 139 Ala. 16, 36 So. 1012. Nor do we think there was error in permitting prosecutrix to state she was nineteen years of age (52 C.J. 1073), and that her mother had been dead since she was fifteen. Brooks v. State, 185 Ala. 1, 64 So. 295.

There were several objections reserved to portions of the oral charge of the court and occasional colloquy between the trial judge and counsel for defendant as these exceptions were being reserved. Defendant's attorneys were impressed that the case had been unfavorably prejudiced before the jury and moved for a mistrial, which motion was denied, and exception duly reserved.

As readily appears from the brief outline given, this case presents a sharp conflict in the evidence and one peculiarly for the jury's consideration and determination. In instructing the jury upon the matter of delay on prosecutrix' part in making complaint, the trial court unfortunately used language which was calculated to leave an unfavorable impression upon the jury as to the court's attitude concerning defendant's case when he stated, "although it is admitted that the offense was committed on the night of April 30, 1939, and that it was reported by her on the 2nd day of May, 1939, just two days intervening—just one whole day intervening, I will say". Exception was duly reserved. Of course there was neither admission of an offense nor that complaint was actually made on the following Tuesday. There was neither retraction nor explanation of this language upon exception being reserved.

The court correctly stated the rule that defendant's testimony may properly be considered in the light of his interest in the case. It would seem that the case of Green v. State, 19 Ala.App. 239, 96 So. 651, cited by defendant, finds some ground for support in Allen v. State, 87 Ala. 107, 6 So. 370 and Tucker v. State, 167 Ala. 1, 52 So. 464. But the Allen and Tucker cases were qualified in the more recent authority of Tillis v. State, 218 Ala. 527, 119 So. 215, where the holding was that the trial judge was well within his province in instructing the jury they "should" consider defendant's testimony in the light of his interest in the case. Numerous cases touching this subject may be found cited in the note to Martin v. State, 46 Okl.Cr. 411, 287 P. 424, 85 A.L.R. 512. These authorities lead to the conclu-

**136**

sion that the better practice is for the trial judge to so instruct the jury in this regard in rather general terms and without any undue emphasis.

■ The trial judge in the instant case did lay some emphasis upon defendant's interest, when he stated, "he has got more interest in the result of the findings of this jury than any one else, because on the verdict of this jury depends his freedom, his liberty, or on it depends his incarceration, or it may be his death". Language similar but containing a less degree of emphasis appears to have been, at least indirectly, disapproved in Roberson v. State, 175 Ala. 15, 57 So. 829. We disapprove it here.

■ Perhaps standing alone such language would not require a reversal of the cause. The entire charge must be considered and if upon the whole no prejudice to defendant intervened no reversal should be entered. What is said correctly stated the law. The criticism is directed to the matter emphasized and a likelihood that it will impress the jury with the thought that in the mind of the trial judge defendant's evidence is to be very lightly regarded.

■ But the impeachment of the evidence of defendant and the matter of impairment of its weight are properly matters for argument of counsel but not of instructions by the court. Husch v. State, 211 Ala. 274, 100 So. 321. Section 9507, Code 1923. And in considering the matter of prejudice to defendant the entire oral charge in connection with all that transpired in the presence of the jury are to be taken into consideration as well as the nature of the offense here charged, as often commented upon by the courts. Leoni v. State, 44 Ala. 110; Barnett v. State, 83 Ala. 40, 3 So. 612.

■ Defendant's good character was shown, as stated in the oral charge of the court "proved * * * by a number of witnesses, reputable men, and they give him a good character". The court then proceeds to correctly state the general rule of law that proof of good character, when considered in connection with all the other evidence in the case, is sufficient to generate a reasonable doubt of the guilt of defendant and justifies an acquittal. The oral charge of the court then proceeds as follows: "Now, gentlemen, it has been argued to you about good character; and you know about good character. It has

been argued by the defendant and by the State. The State brought or called to your attention some historical figures where a man had a good character and where they betrayed the good character they had. One man, Judas Iscariot betrayed his Savior after being a good consecrated, Godly man for a long time; and Benedict Arnold was mentioned here, and after being a valiant, loyal man to his Country, betrayed his Country. And there are a number of other instances of the kind which may be brought out. We all remember one time here in Alabama in the long years ago the custom was for the Judges, the Governor, the State Treasurer, and other State officials to have a term of office for two years; and by common consent, why, they were complimented with an additional term of two years; making their term ordinarily four years; but we had a Treasurer by the name of Ike Vincent, and he was considered such an honest, high-standing type of citizenship that he was known as Honest Ike; and he broke all records of that day and time and was elected for a third term as Treasurer of the State of Alabama; and in his third term he defaulted and stole from the State $213,000.00; so you see the mere fact that a man has a good character while it is a good thing to have it does not excuse from crime".

Exceptions were reserved, and the following occurred:

"The Court: Gentlemen, I will withdraw from you that part of my charge in which I made any reference to Judas Iscariot or Benedict Arnold or Ike Vincent. That is withdrawn from you; and you will not consider any part of my charge with reference to either one of those historical figures.

"Mr. Gewin: We wish to have the record show that we feel that by withdrawing that charge the effect of it could not be removed.

"The Court: That is a matter for you to attack before the Supreme Court about that.

"Mr. Gewin: I want the record to show that.

"The Court: You excepted and I corrected it the best I can.

"Mr. Gewin: Yes, sir.

"The Court: Do you want to except to my doing that.

"Mr. Gewin: No, sir, I have excepted to what I wish to except to".

There were other exceptions reserved which will not be here detailed and exception was likewise reserved to the reply of the trial judge in several instances which counsel conceived were in the nature of an argument and calculated to prejudice the jury against defendant.

All of these matters have been carefully considered by the court in consultation and the record duly examined. No good purpose would be served by their repetition here. Of course, defendant was due the benefit of his proof concerning his good character without impairment of its weight or credibility by oral instructions from the court. Husch v. State, supra; Dennison v. State, 17 Ala.App. 674, 88 So. 211. And we think it clear enough the jury was authorized to consider the language of the court as an argument against giving weight to proof of good character. The withdrawal was in a more or less perfunctory manner and clearly did not suffice to eradicate this impression from the minds of the jurors who were to pass upon the life or liberty of the defendant.

The whole case considered, we are persuaded reversible error is made to appear and that the defendant should be awarded a new trial. Let defendant remain in custody until discharged by due course of law.

Reversed and remanded.

THOMAS, BOULDIN, and FOSTER, JJ., concur.