26 So.2d 877

### ALSTON v. STATE.

6 Div. 448.

Supreme Court of Alabama.

June 27, 1946.

P. P. Evans and Arthur Fite, both of Jasper, for appellant.

Wm. N. McQueen, Atty. Gen., and Willard W. Livingston, Asst. Atty. Gen., for the State.

STAKELY, Justice.

Appellant was indicted, tried and convicted of murder in the first degree, committed while a convict sentenced to imprisonment for life. His punishment was fixed at death by electrocution. This appeal comes to this court under the automatic appeal act, approved June 24, 1943. General Acts 1943, p. 217 et seq., Code 1940, Tit. 15, § 382(1) et seq.

Testimony of the state tended to show the following. On the morning of August 6, 1945, defendant hid near the house of his wife's father, where his wife was staying and after he had observed that his wife's father, mother and older brothers and sisters had left the place, he forced his wife to go with him into the woods behind the house. The younger sister who remained in the house to take care of the babies, heard her scream. Eight to ten hours later the wife's body was found with three deep knife stabs in the back, two deep knife cuts on the neck and cuts about the hands. The state introduced in evidence a confession of the murder by the defendant, signed and sworn to by the defendant. The confession also admitted certain other facts leading up to and in connection with the murder, which are not necessary to relate. Evidence for the state also tended to show that at the time of this homicide, this defendant was a convict sentenced to life imprisonment in the penitentiary for murder in the first degree, but out of the penitentiary on parole.

No evidence was introduced by the defendant.

The appellant seeks a reversal of the judgment of the lower court on (1) a ruling on the pleading; (2) rulings on the evidence, and (3) the action of the court in refusing certain written charges.

■ (1) On arraignment the defendant pleaded "not guilty." When the case was called for trial, the defendant also sought to plead "not guilty by reason of insanity." The court refused to allow the latter plea. There is nothing in the record to show abuse of discretion by the court in this regard. Accordingly the ruling of the court was free from error. Rohn v. State, 186 Ala. 5, 65 So. 42; Morrell v. State, 136 Ala. 44, 34 So. 208; Baker v. State, 209 Ala. 142, 95 So. 467.

■ (2) The court did not err either in admitting in evidence the Indictment Record of the Tallapoosa County Circuit Court, wherein it is shown that one Edgar Alston was indicted in that court for murder in the first degree or in admitting in evidence a certified copy of the transcript of the conviction and sentence of Edgar Alston in the Circuit Court of Tallapoosa County in 1926, certified to by the Chief Clerk of the State Department of Corrections and Institutions of the State of Alabama from the records of that office. The aforesaid transcript of the conviction and sentence of Edgar Alston shows that it was certified to by the Clerk of the Circuit Court of Tallapoosa County on October 7, 1926.

Section 393, Title 7, Code of 1940, provides in part as follows: "All transcripts of books or papers or parts thereof, required by law to be kept in the office, custody or control of any public officer, agent, servant, or employee of any municipality, city, county, or of the State of Alabama, or of the United States, when certi-

fied by the proper custodian thereof, must be received in evidence in all courts; and it is no objection to such transcript that the book from which it is taken is a copy of office books belonging to the United States. * * *"

Section 17, Title 45, Code of 1940, dealing with the records of the Department of Corrections and Institutions, is as follows: "In the office of the department shall be kept a book, or books, in which shall be kept a record of all state and county convicts, showing the date of conviction, crime, sentence, county, and court in which convicted, and such other information as the director may prescribe. There shall also be kept such other books as the director may deem proper."

Therefore, the Indictment Record, being an official record of the Tallapoosa County Circuit Court, and identified as such by the clerk of that court, and the certified copy of the transcript of the conviction and sentence of one Edgar Alston from the office of the State Department of Corrections and Institutions of the State of Alabama being a copy of a record required by law to be kept, both of these records were admissible in evidence.

■ It is contended that the entry in the records of the Department of Corrections and Institutions is inadmissible because it is a copy of a copy. It is sufficient, among other reasons, to say that § 17, Title 45, Code of 1940, merely provides for a record in the Department of Corrections and Institutions which shall give certain data or information with reference to convicts. Such a record or a certified copy thereof, when offered in evidence, does not import absolute verity, but is treated as prima facie evidence of the facts entered. Woodmen of the World Life Ins. Soc. v. Guyton, 239 Ala. 216, 194 So. 655. It seems to us that the method used by the Department of Corrections and Institutions to compile its record in the present case, by entering a certified transcript of the conviction and sentence of the convict, is a satisfactory method, because it appears to give the data or information required by the statute. This is not to say that there might not be other methods of compiling

this public record. We think there was a compliance with the statute in the case at bar and the evidence was competent. Woodmen of the World Life Ins. Soc. v. Guyton, supra. See also Macon County Lumber Co. v. Jones, 215 Ala. 157, 110 So. 1; Hall v. State, ante, p. 33, 26 So.2d 566.

The original judgment and sentence of this defendant in the Circuit Court of Tallapoosa County in 1926 could not be found. There is testimony of the clerk of that circuit court to the effect that every effort was made to locate the original judgment and sentence of the court, and after a diligent search, it was not found. All that the clerk was able to locate was the indictment in the Indictment Record and the Judge's bench notes. However, the Judge's bench notes were not admitted in evidence and no question relating thereto is in the case.

■ On the direct examination of Clyde Freeman, father of deceased, referring to Ruth, another daughter of the witness, the state asked the witness the following question: "Did Ruth at that time tell you Christine had been carried off down in the woods by her husband William Edgar Alston?" The defendant objected to the question on the ground that it called for hearsay evidence. The court overruled the objection and allowed the witness to answer: "Yes, sir. She told us Edgar came in and carried her out there and carried her under the wires, wire fences, right down the trail-way." There was no prejudicial error so as to affect the substantial rights of the defendant. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix. Similar testimony to the same effect had previously been admitted in evidence without objection. The facts sought to be elicited by the question were not disputed, but were admitted by the defendant in his confession. The testimony complained of was purely cumulative evidence.

■ At the conclusion of the evidence the defendant made a motion to exclude the state's testimony and to quash the indictment on the theory that there was no competent evidence before the court that the defendant was the Edgar Alston who was indicted, tried and convicted of murder in the first degree and sentenced to life

imprisonment in the penitentiary from the Circuit Court of Tallapoosa County on October 1, 1926. There was no error in the action of the court in overruling the motion.

There was evidence that one Edgar Alston was indicted, tried and convicted of murder in the first degree and sentenced to life imprisonment in the penitentiary from the Circuit Court of Tallapoosa County, Alabama, on October 1, 1926. There was evidence presented in the testimony of a witness for the state, a parole officer, that one William Edgar Alston was under a parole from a sentence for life from the State Penitentiary of Alabama; that he was under this parole officer's supervision at the time this crime was committed; that the parole officer's records showed this parolee to be William Edgar Alston, and that she (the parole officer) had seen him (the defendant) frequently. There is also testimony to show that defendant stated that he had been sent to the penitentiary for life and was on parole. See Bailey v. The State, 211 Ala. 667, 101 So. 546. Therefore, there is sufficient evidence from which the jury could find that this defendant, at the time of this crime and while sentence was yet in force against him, was a convict sentenced to imprisonment for life for murder from the Circuit Court of Tallapoosa County, Alabama, on October 1, 1926. See § 319, Title 14, Code 1940.

(3). Counsel insists that there was error on the part of the court in refusing to give charge 6 and also error on the part of the court in refusing to give charge 9. The statement of law in charge 6 which we may assume defendant sought to get before the jury, was covered in better form by the court's oral charge. Accordingly we need say nothing further about charge 6. Charge 9 was also fairly covered by the court's oral charge. The court in its oral charge used substantially the statement of the law with reference to the failure of the defendant to testify, as pronounced correct in Thomas v. State, 139 Ala. 80, 36 So. 734.

We have considered not only questions argued in brief of counsel for appellant but also have carefully examined the entire record. We find the record free of error and the judgment of the lower court is accordingly affirmed.

Affirmed.

All the Justices concur.