31 So.2d 652

## BROWN v. STATE.

### 5 Div. 235.

Court of Appeals of Alabama.

May 6, 1947.

Rehearing Denied May 27, 1947.

Reynolds & Reynolds, of Clanton, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

Appellant was convicted in the court below of murder in the second degree on an indictment charging murder in the first degree.

The alleged homicide was committed in October, 1944. The indictment in the cause was returned in February, 1945. The trial was had in March immediately following. After conviction, a motion for a new trial was filed within the time required by law. This motion was first set for hearing on the 17th day of April, 1945, and was continued from time to time until it was finally heard and overruled on December 7, 1946. The instant appeal was submitted in this court on April 17, 1947.

It will be noted that more than two years intervened from the date of conviction and the time the appeal was submitted here. The record indicates no reason or excuse for this unusual delay. The prompt administration of our criminal laws cannot be promoted and aided by indifference to the procedure incident thereto. In the instant case the long delay is occasioned by the failure of the trial judge to hear and pass on the motion for a new trial.

It appears from the evidence that the defendant, the deceased, and one J. P. Wyatt were together on a Sunday afternoon. After riding around in a truck and consuming some whiskey as they journeyed, the trio finally reached the home of the accused. At this time, according to the testimony of the State's witness Wyatt, as the three approached the front steps of the

residence after getting out of the truck near by, the deceased grabbed or snatched out of the hand of the appellant a pint bottle partially filled with whiskey. The latter forthwith entered the front door of his home and secured a shotgun. His wife reached him in the hall of the house and tried to take the gun but was not successful. The deceased followed into the dwelling a short period of time thereafter, and as he entered the door and had reached just on the inside the defendant shot him. The wound was fatal, and the wounded man died on the spot. The witness stated that the deceased still had the bottle in his hand, but it was by his side when the gun fired.

The defendant's testimony differed on this point, in that he testified that he told the person he shot not to come into his house, but against these demands he continued to enter and was nearing the defendant with the bottle in striking position when the latter fired the gun. Appellant's wife corroborated some of her husband's testimony, but according to her statement she was not actually present when the gun fired.

This seems to be a sufficient recitation of the tendencies of the evidence for the purpose of illustrative review of the matters before us. It obviously follows that the prime question of factual inquiry centers around a determination of whether or not the accused was acting in self-defense, as he claimed.

It is not often that we review a record of this proportion and find so few objections interposed during the time the testimony was being introduced. The jury and court certainly had the full benefit of all the facts and circumstances incident to the homicide of his nephew for which defendant was being tried. There appears no deep seated motive for the offense. The record discloses that the two participants were not only related as indicated, but were very friendly and congenial up to the eventful afternoon in question.

We are prompted to observe that this is another case, among the many, where strong drink played its part.

Following a free and unrestrained disclosure of all the facts, the trial judge delivered a very full and comprehensive oral charge, and gave twenty-seven written charges, which included every one tendered by the defendant.

For the purpose of illustrating the questions we are now about to review, we will set out a portion of the brief of appellant's counsel. The record verifies the accuracy of the quotation.

"On the cross-examination of the Appellant as a witness in his behalf, the following took place: The testimony showed that the Appellant was in Selma the night before and the Appellant was asked the following questions and made the following answers:

" 'Q. You got drunk in Selma, didn't you? A. No sir.

" 'Mr. Reynolds: We object to that.

" 'Mr. Huddleston: We contend he was.

" 'Mr. Reynolds: To prejudice the Jury is the only purpose of that, if the Court please.

" 'The Court: What is the relevancy of that?

" 'Mr. Huddleston: To show he was—show his condition.

" 'The Court: He answers "no" to your question.

" 'Q. (Mr. Huddleston, continuing) You were drinking the night before in Selma, were you not?

" 'Mr. Reynolds: We object to that. It is immaterial.

" 'The Court: Don't you think it would bear on his condition the next day?

" 'Mr. Reynolds: No sir.

" 'The Court: This is cross-examination. It seems there was a good bit of whiskey in the case one way or the other. I am going to overrule the objection.

" 'Mr. Reynolds: We object, on the grounds that it is incompetent, irrelevant, immaterial, and sheds no light on the issues in this case; and that the only purpose it could have would be to prejudice this defendant in the eyes of the Jury.

" 'The Court: I am going to overrule the objection. It will maybe give something as to the condition of the defendant at this time.

" 'Mr. Reynolds: We except.

" 'Q. (Mr. Huddleston, continuing) My question now I will repeat to you: Were you not drinking the night before? A. Yes sir.

" 'Mr. Reynolds: The same objection, if Your Honor please.

" 'The Court: All right, you can have it—The same exception.

" 'Mr. Reynolds: We except to the Court's ruling.

" 'Q. Weren't you drinking the day before? A. No sir.

" 'Mr. Reynolds: We object to that, if the court please, on the same grounds.

" 'The Court: You can have the exception.

" 'Q. You did drink the night before? A. Yes sir.

" 'Q. How late into the night?

" 'Mr. Reynolds: We object.

" 'The Court: The same objection and exception.

" 'Q. How late into the night?

" 'Mr. Reynolds: We make new objection to that on the same grounds.

" 'The Court: You can have it. Overruled.

" 'Mr. Reynolds: We except.

" 'A. I would say about ten o'clock.

" 'Q. You didn't drink any after ten o'clock.

" 'Mr. Reynolds: The same grounds of objection.

" 'The Court: The same ruling, same exception.

" 'A. No sir.' "

■ It will be observed that to some of the questions above the objections came after answers were given and to some the response was in the negative and favorable to the objector. Error cannot be predicated where these situations appear. Smith v. State, 16 Ala.App. 546, 79 So. 802; Kelley v. State, 32 Ala.App. 408, 26 So.2d 633; Edmonds v. State, 16 Ala.App. 157, 75 So. 873; Russell v. State, 17 Ala.App. 436, 87 So. 221.

■ We entertain the view that whether or not the appellant was drinking in Selma the night before the homicide related to a matter of immaterial inquiry; and this is true, in our opinion, even on the cross-examination of the defendant.

■ We are faced with the duty, however, to determine if this disclosure was harmful to the accused on the trial. The onus rests upon the appellant not only to show error by the record, but that such error probably injuriously affected his substantial rights. Mosley v. State, 241 Ala. 132, 1 So.2d 593; Kabase v. State, 244 Ala. 182, 12 So.2d 766; Supreme Court Rule 45, Code 1940, Title 7 Appendix; Henderson v. Tennessee Coal, Iron & R. Co., 190 Ala. 126, 67 So. 414.

In brief able counsel cogently urges that this forced admission placed the appellant in an unfavorable and prejudicial position before the court and jury. It is without dispute in the evidence that the defendant was drinking on the afternoon the homicide occurred. This he admitted. In the light of this disclosure, we cannot conclude that he was substantially injured in the defense of the charge by proof that on the night before he was also drinking.

■ We have a long line of authorities, some of which are cited by counsel, which hold that it is error to show that a person was drunk or drinking on an occasion too remote in point of time to affect his sobriety vel non at the happening of the main event. In these cases the inquiry as to the intoxication of the party at a designated and particular time was a matter of material factual finding. Of course, it was permissible to show by the evidence in the instant case that the accused was drinking on the occasion of the assault which resulted in the death of the deceased. However, the appellant having admitted this fact and there being no question as to its truth, it could not be harmful to the defense of the defendant to require him to answer the questions about which complaint is made. Unquestionably, this is an appropriate and purposeful application of the Supreme Court Rule No. 45.

There were objections interposed to other questions not noted above seeking information about the defendant's experiences in Selma the night before, but each of the answers, where the point is suffi-

ciently raised, was in the negative and favorable to the appellant. Authorities, supra.

■ There is another reason why we would not be authorized to charge error here. When the witness Wyatt was being examined by the State, it was proven by him that the defendant told the witness that he (the defendant) stayed in Selma the night before in jail and this because he was drinking and had a fight. This evidence was allowed without objections by appellant's counsel. It is a familiar rule that it is not error to allow the same facts to be again shown against objection when they have already been proven without objection. Alston v. State, Ala.Sup., 26 So.2d 877;[1] Walling v. State, 15 Ala.App. 275, 73 So. 216; Crenshaw v. State, 205 Ala. 256, 87 So. 328.

■ The motion for a new trial presents some questions relating to the alleged conduct of certain friends of the family of the deceased, and by their activity it is claimed that undue and harmful influence against the interest of appellant was brought to bear on the jury. In the main, these contentions and the affidavits in support of them are very general in averment and proof. The State introduced affidavits of witnesses which explicitly deny the implications that there was interference with the orderly procedure of the trial.

There are two charged irregularities that are specific.

It appears that the foreman of the jury was a Mr. Wilkins. It is his son, a young minister of the gospel, by whose conduct the appellant contends primarily the jury was unduly influenced. The proof shows that, on two occasions during the progress of the trial and while the jury was retired, the son went to the jury room and spoke to his father. Each time he was accompanied by the bailiff who had the jury in charge, and each time also the visit was made with the knowledge and consent of the trial judge. According to the affidavits of the father, the son, and the bailiff, the conversations were at the open door of the jury room; in the presence and hearing of the officer and other jurors; and related to brief inquiries about the disposition of Mr.

Wilkins' automobile and about some personal matters which needed attention.

All of the charged irregularities were presented to the trial judge on the hearing of the motion. The State furnished much evidence in denial or explanation of these contentions. We see no reason to disturb the judgment of the lower court in the matter of instant inquiry.

■ The tendencies of the evidence we have hereinabove set out will serve to illustrate our conclusion that the verdict of the jury was not against the great preponderance of the evidence. Booth v. State, 247 Ala. 600, 25 So.2d 427; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Peterson v. State, 32 Ala.App. 439, 27 So.2d 27.

We have herein discussed all matters which in our view merit our treatment.

The judgment of the primary court is ordered affirmed.

Affirmed.

### On Rehearing

■ On application for rehearing our attention is called to the following portion of our original opinion: "There is another reason why we would not be authorized to charge error here. When the witness Wyatt was being examined by the State, it was proven by him that the defendant told the witness that he (the defendant) stayed in Selma the night before in jail and this because he was drinking and had a fight."

It is insisted that the witness Wyatt did not testify that the defendant told him that he had been drinking in Selma the night before. Appellant's counsel is correct. What the witness Wyatt did, in fact, testify was that the defendant told him that he (the defendant) stayed in Selma the night before in jail because he had a fight.

There was much testimony with reference to the defendant's experiences in Selma the night before the homicide in question. It was established without conflict that he was drinking on this visit. In fact, the defendant himself testified without objection that he "drank a few bottles of beer the night before."

---

[1] 248 Ala. 163.

• The deep impression of the undisputed facts in this regard led us to make the inadvertent inclusion when we recited the testimony of the witness Wyatt.

We entertain the view, however, that this erroneous observation in no manner alters the conclusion that we reached that proof of the fact that the accused was drinking in Selma the night before was not harmful to the substantial rights of the appellant.

To respond to the other insistences made on application for rehearing would result in a reiteration of what we set out originally.

We adhere to the holdings in our original opinion.

Application for rehearing overruled.