46 So.2d 852

**MULLIS v. PARKER.**

3 Div. 924.

Court of Appeals of Alabama.

June 6, 1950.

Walters & Gibson and John W. Gibson, of Troy, for appellant.

Hill, Hill, Whiting & Harris, of Montgomery, for appellee.

CARR, Judge.

Mrs. Fred Bell Parker sued Fred E. Mullis for damages for personal injury incident to a collision between the automobile driven by her husband, and in which she was riding, and a truck driven by the defendant.

In the court below there was a verdict and judgment in favor of the plaintiff.

On cross examination the appellant was asked: "Have you ever been convicted of a crime involving moral turpitude in the Federal Court?" The question was not then answered.

After a rather lengthy colloquy between attorneys and the trial judge, and after the latter had explained what in his opinion constituted a crime involving moral tur-

pitude the appellant finally answered the question in the negative.

Counsel for appellant moved that the case be taken from the jury. This motion was denied, and the court stated: "I will over-rule the motion, and will explain to the jury there is nothing before the jury in any way whatsoever connecting him with a conviction of a crime involving moral turpitude."

This incident during the progress of the trial constitutes the basis for the only assignments of error.

Insistence is made by counsel for appellant that the attempt to impeach the witness was not made in an orderly way.

In the final analysis the negative reply and the court's explanation to the jury removed all injurious effects which may have arisen against the substantial rights of the appellant. Supreme Court Rule 45 Code 1940, Tit. 7 Appendix; Stephens v. State, 250 Ala. 123, 33 So.2d 245;. Russell v. State, 17 Ala.App. 436, 87 So. 221; Murray v. State, 17 Ala.App. 253, 84 So. 393; Edmonds v. State, 16 Ala.App. 157, 75 So. 873; 2 Ala. Digest, Appeal & Error, 1048(5).

The judgment below is due to be affirmed. It is so ordered.

Affirmed.