96 So.2d 689

## Floyd Allen PURSER
v.
## STATE.
8 Div. 902.

Court of Appeals of Alabama.

June 28, 1957.

Rehearing Denied Aug. 13, 1957.

**170**

Harold T. Pounders, Florence, for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment charged in count one the offense of distilling prohibited liquors. Count 2 charged the illegal possession of a still. Defendant was found guilty under the second count.

The State's evidence tended to show that on June 30, 1955, five law enforcement officers raided some stills located on a small island near Goose Shoals, in Lauderdale County, Alabama. A barrel and cans of one and five gallon capacity contained more than 100 gallons of whiskey.

Upon reaching the island the raiding party separated. Parnell Lovett, a federal agent, was the only witness testifying to defendant's activity at the still site.

On direct examination this witness testified he was practically in the still yard and had the still in sight for twenty minutes. He observed the men around a whiskey barrel, jugs and other apparatus in the vicinity of the still. He stated, "The only work I saw them do was the movement

of jugs in the still yard, I didn't know what was in the jugs but I saw them move jugs around in the still yard." He stated he saw empty one gallon Coca Cola jugs. After the raid he saw whiskey in the Coca Cola jugs. These were the same jugs he saw the men moving. The siphoning hose was wet. Defendant was wearing overalls. His clothing was dirty and had soot and ashes on it.

On cross examination the witness testified he saw defendant move some gallon jugs and some cartons around from the sixty gallon barrels. He said he did not see defendant filling the jugs nor catching whiskey nor punching the fire. He later found the jugs to be full of whiskey. When he arrived at the scene the three men were sitting down together and were laughing and talking.

After his arrest defendant told the officers he had been fishing there and had discovered the still and had on three different occasions been to the still to get whiskey. He denied ownership of the still and the whiskey and said he didn't know who the other men were, and had never seen them before this occasion.

No evidence was presented in defendant's behalf.

█ The law is well settled that the mere presence of a defendant at a still, without more, will not warrant a conviction for its possession, but, "any act of the defendant in and about a still which indicates an interest in, or that he is aiding or abetting in the possession, may be taken as sufficient upon which to base a verdict of guilt." Lock v. State, 21 Ala.App. 81, 105 So. 431, 432; Rikard v. State, 31 Ala.App. 374, 18 So.2d 435, certiorari denied 245 Ala. 677, 18 So.2d 436; Hudson v. State, 249 Ala. 372, 31 So.2d 774; Vandiver v. State, 37 Ala.App. 526, 73 So.2d 566.

█ The facts and circumstances shown here presented a jury question and were sufficient to sustain the judgment of conviction. No error resulted in the refusal of the general affirmative charge nor in the denial of the motion for a new trial on the ground of the insufficiency of the evidence to sustain the verdict.

█ The State asked this question of Floyd Mitchell: "Q. I will ask you if there were three other stills on that same little island just above there?" Defendant's objection was overruled and the witness answered: "A. Yes, sir."

The State then asked this question: "Q. Were they similar type stills to the one you saw Floyd Purser at or near?" Defendant's objection was overruled and the defendant answered: "Yes, sir."

Defense counsel insists the admission of this evidence constituted reversible error.

In Veal v. State, 19 Ala.App. 168, 95 So. 783, the court held that evidence that other stills were found in the same swamp in which the still in question was located was inadmissible.

However, here the witness Turlington had already testified, without objection, that, "At this particular location there were three stills and approximately eighty yards from there, there were three more."

█ "It is a familiar rule that it is not error to allow the same facts to be again shown against objection when they have already been proven without objection." Brown v. State, 33 Ala.App. 152, 31 So.2d 652, 655. See also Alston v. State, 248 Ala. 163, 26 So.2d 877; Walling v. State, 15 Ala. App. 275, 73 So. 216; Crenshaw v. State, 205 Ala. 256, 87 So. 328; Zorn v. State, 20 Ala.App. 404, 102 So. 722, certiorari denied Ex parte Zorn, 212 Ala. 414, 102 So. 723.

█ Furthermore, in view of the undisputed evidence, that there were three big stills, all a part of one plant at the place where the officers saw the defendant, and the evidence as to defendant's activity at the still, coupled with the other facts and circumstances tending to connect the defendant with the possession of the outfit, we fail to see how the defendant could have

been so prejudiced by this evidence as to justify placing the court in error for its admission. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

We find no reversible error in the record and the judgment is affirmed.

Affirmed.