(102 So. 602)

### ALLEN v. STATE.   (4 Div. 980.)

(Court of Appeals of Alabama.   Nov. 11, 1924. Rehearing Denied Dec. 16, 1924.)

1. **Intoxicating liquors** ⊜=236(19)—**Evidence held to sustain conviction of possessing still.**

Evidence that defendant was found putting wood on fire under still, which was complete and in operation, and contained mash, and that defendant had control over still, though it was not shown to be on his premises, *held* to sustain conviction of possessing a still.

2. **Intoxicating liquors** ⊜=239(2)—**Requested instructions as to essential element of offense of possessing still held properly refused as abstract.**

In prosecution for possessing a still, defendant's requested instructions that, if jury had reasonable doubt whether still contained a cap, or if jury held the cap necessary to make still complete, they should find for defendant *held* properly refused as abstract, where uncontradicted evidence showed that still was complete when found, though cap could not be located at time of trial.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Ted Allen was convicted of possessing a still, and he appeals.   Affirmed.

Certiorari denied by Supreme Court in Ex parte Allen, 212 Ala. 347, 102 So. 603.

These charges were refused to defendant:

"(1) If from the evidence you have a reasonable doubt that the apparatus or outfit was complete, you should find the defendant not guilty.

"(2) If you have a reasonable doubt from the evidence whether the outfit contained a cap, then you should find the defendant not guilty.

"(3) If you believe the evidence the cap testified about was necessary to make the outfit complete, and if you have a reasonable doubt as to whether the outfit had such a cap while in defendant's possession, then you could not find the defendant guilty."

Powell & Reid, of Andalusia, for appellant.

The charges requested by defendant were erroneously refused.   Gamble v. State, 19 Ala. App. 82, 95 So. 202.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

FOSTER, J.   The appellant was convicted for the possession of a still or apparatus to be used for manufacturing prohibited liquors.

[1] The appellant (defendant in the court below), with his 10 year old son, was found putting wood on a fire under a still containing mash from which alcoholic liquor is made. The evidence without conflict showed that the defendant had dominion over and control of the still, although it was not shown to be on his premises. The still when found was complete and in operation. At the time of the trial the cap had been mislaid, and was not introduced in evidence with the other parts of the still. No exceptions were reserved to the evidence.

[2] Charges 1, 2, and 3, requested by the defendant, were abstract, as the evidence showed without conflict that the still when found was complete, although at the time of the trial the cap could not be found. The only evidence on this point was that of the state's witness Hughes. The defendant did not testify, and there was no evidence in conflict with that of the state's witness Hughes. The requested charges were properly refused.

The record discloses no error.

The judgment of the circuit court is affirmed.

Affirmed.