## LOCK v. STATE. (3 Div. 491.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Aug. 4, 1925.)

**1. Criminal law ⬅720(1)—Solicitor's remarks held to be within bounds of legitimate comment.**

Remarks of solicitor, on defendant's testimony that "he had to deny it or plead guilty," were within the bounds of legitimate comment.

**2. Intoxicating liquors ⬅236(19)—Presence of defendant at still, indicating aid in its possession, may be sufficient to show guilt.**

In a prosecution for possession of still, though mere presence at still will not warrant conviction, acts of defendant, indicating that he is aiding in its possession, may be sufficient basis for guilt.

**3. Witnesses ⬅367(3)—Questioning witness as to his getting reward in case held relevant to show interest.**

In a prosecution for possession of a still, questioning witness as to his getting reward in the case was relevant as tending to show interest.

**4. Criminal law ⬅338(1), 450—Testimony as to who furnished information for raid on still held incompetent and irrelevant, and calling for opinion.**

In a prosecution for possession of a still, questions as to who furnished information for raid were incompetent and irrelevant, and objectionable as calling for opinion of the witness on matter to be determined by judge from the law and facts.

**5. Criminal law ⬅815(1)—Requested instructions concerning defendant's coming from still with liquor properly refused as abstract.**

In a prosecution for possessing a still, requested instructions that if all the evidence be that defendant was coming from still with liquor in his possession, jury must find him not guilty, were properly refused as abstract, there being also evidence connecting defendant with possession of the still.

**6. Criminal law ⬅782(9)—Requested instruction, concerning finding of not guilty from mere suspicious circumstances, properly refused as misleading.**

In a prosecution for possessing a still, requested instruction that, if all the evidence amounts to no more than suspicious circumstances of guilt, jury must find defendant not guilty, were properly refused as misleading.

**7. Criminal law ⬅782(9)—Requested instruction, concerning suspicious circumstances as establishing guilt, properly refused as misleading.**

In a prosecution for unlawfully possessing a still, defendant's requested instruction that, if evidence of guilt is based on suspicious circumstances, to find him not guilty, was properly refused as misleading.

Appeal from Circuit Court, Autauga County; George F. Smoot, Judge.

Marvin Lock was convicted of unlawfully possessing a still, and he appeals. Affirmed.

See, also, 20 Ala. App. 686, 104 So. 922.

The following requested charges were refused to defendant:

"(1) The court instructs you, gentlemen of the jury, that if, after you have considered all the evidence in the case, you find it (all the evidence in the case) to be that the defendant was found coming from an illicit still with prohibited alcoholic liquors in his possession, you must find him, the defendant, not guilty."

"(3) The court instructs you, gentlemen of the jury, that if, after you have considered all the evidence in the case, you find it (all the evidence in the case) amounts to not more than suspicious circumstances that the defendant is guilty, you must find him (the defendant) not guilty.".

"(5) I charge you, gentlemen of the jury, that if, after you have considered all the evidence in the case, you find all the evidence in the case to be that the defendant was found coming from the place of operation of a still with a vessel containing a quantity of brew, or other alcoholic liquid substance, and certain bottles and jugs that contained alcoholic liquors, you must find the defendant not guilty."

"(7) The court instructs you, gentlemen of the jury, that if, after you have considered all the evidence in the case, you find that the only evidence of the defendant's guilt is suspicious circumstances, you must find the defendant not guilty.

"(8) I charge you, gentlemen of the jury, that if, after you have considered all the evidence in the case, you find the evidence against the defendant to be suspicious circumstances that he (the defendant) is guilty, you must find him (the defendant) not guilty."

Huddleston & Glover, of Wetumpka, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Mere presence at a still is not sufficient to support a conviction for possessing a still. Williamson v. State, 20 Ala. App. 394, 102 So. 485. It was incumbent upon the state to prove possession by the defendant. Stanley v. State, 20 Ala. App. 387, 102 So. 245. Charge 1, requested by the defendant, should have been given. Moon v. State, 19 Ala. App. 176, 95 So. 830.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The statute provides that the person who furnishes evidence to bring about a conviction shall be entitled to the reward. This fact must be decided by the judge, and the witness Dunn was not competent to testify thereto. Harmon v. State, 20 Ala. App. 254, 101 So. 353. The statement of the solicitor was not improper. Code 1923, § 5195.

SAMFORD, J. [1, 2] The remark of the solicitor, in commenting on defendant's testimony, that "he had to deny it or plead guilty," was so apparently within the bounds

of legitimate comment as not here to need citation of authority.

The facts in this case were sufficient to warrant the jury in finding the defendant guilty, and therefore the general charge was properly refused. We have said, and it is the law, that the mere presence at a still, without more, will not warrant a conviction, but any act of the defendant in and about a still which indicates an interest in, or that he is aiding or abetting in the possession, may be taken as sufficient upon which to base a verdict of guilt. In this case there were many such acts.

[3, 4] It was relevant to ask the witness Dunn on cross-examination if he was to get the $50 reward in the case as tending to show his interest, but as to who had furnished the information upon which the raid was made was neither competent nor relevant to any issue in the case. The court did not err in sustaining the state's objection to questions seeking this information. The questions called for the opinion of the witness, based upon law and facts, to be determined by the judge trying the case. Harmon v. State, 20 Ala. App. 254, 101 So. 353.

It appearing from the evidence that the still found was on the land of Mr. Harper, it was immaterial just where the lines marking the boundaries of this land were.

[5-7] Charge A was the general affirmative charge, and was properly refused. Charge 1 is abstract. As we have seen, there was evidence connecting defendant with the possession of the still. Charge 3 is misleading. Charge 5 is abstract. Charge 7 is misleading. Charge 8 is misleading. Besides the principles of law governing a reasonable doubt of defendant's guilt were amply covered by the court in his oral charge.

Viewing this entire record, we are of the opinion that the trial court in none of its rulings injuriously affected the rights of the defendant. The defendant has had a fair and impartial trial, such as the law contemplates. Let the judgment be affirmed.

Affirmed.