(108 So. 269)

### GANN v. STATE. (7 Div. 121.)

(Court of Appeals of Alabama. April 13, 1926.)

**1. Criminal law ⊙⇒510.**

Uncorroborated testimony of accomplice is insufficient to support conviction for felony, in view of Code 1923, § 5635.

**2. Criminal law ⊙⇒507½—Evidence held not to show that witnesses who merely appeared to have been present at still were accomplices.**

Evidence, failing to show that witnesses in any manner assisted in distilling, making, or manufacturing whisky, or operating still, held insufficient to show them accomplices, notwithstanding they had been present when still was being operated, and that one of them admitted "toting" some of whisky to buggy and the other that she had carried vessels down there.

**3. Witnesses ⊙⇒363(1).**

On cross-examination, any fact tending to show bias or ill will may be elicited as bearing on credibility of witness.

**4. Witnesses ⊙⇒370(1)—In prosecution for violating prohibition laws, exclusion of evidence tending to show that state's witnesses were "sore at" accused for having participated in swearing out warrant against one of them held reversible error.**

In prosecution for violating prohibition laws, exclusion of evidence that state's witnesses, who protested their friendliness toward accused, were in fact "sore at him" for having participated in swearing out warrant against one of witnesses, who was daughter of the other, charging her with offense of shooting her husband, held reversible error.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

J. L., alias Bud, Gann was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Pruet & Glass, of Ashland, and J. J. Cockrell, of Lineville, for appellant.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Defendant should have been permitted to show the feelings of prosecuting witnesses toward him. Henry v. State, 79 Ala. 42; Jones v. State, 76 Ala. 8; Fincher y. State, 58 Ala. 215; Lòdge v. State, 26 So. 210, 122 Ala. 97, 82 Am. St. Rep. 23. The witnesses for the state were accomplices, and not being corroborated their evidence was not sufficient to convict defendant. State v. Hughes, 82 So. 104. 203 Ala. 90; State v. Tally, 15 So. 722, 102 Ala. 25; Raiford v. State, 59 Ala. 106; Darden v. State, 68 So. 550, 12 Ala. App. 167; Code 1923, §§ 3196, 5635.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

There was no error in rulings on evidence. Sawyer v. State, 103 So. 309, 20 Ala. App. 504; Coggins v. State, 102 So. 241, 20 Ala. App. 378; Jones v. State, 93 So. 332, 19 Ala. App. 626.

BRICKEN, P. J. [1] A conviction of felony cannot be had on the testimony of an accomplice, unless such testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense; and the statute establishes a rule of evidence in this connection by expressly providing that the corroborative evidence is not sufficient if it merely shows the commission of the offense or the circumstances thereof. Code 1923, § 5635.

[2] This appellant was convicted of unlawfully distilling or making whisky, as charged in count 1 of the indictment, and also, of the unlawful possession of a still, as charged in count 2.

His conviction was based upon the evidence of the two state witnesses, T. W. McKenzie and daughter, Mrs. Nancy Pate. It is here earnestly insisted that the above-named witnesses were each an accomplice of defendant, and that no evidence to corroborate them, or either of them, was adduced upon the trial of this case. The material question therefore, under this insistence, is, Were the named witnesses accomplices in contemplation of the law upon this subject? We do not think so. The only evidence bearing upon this question is that of the witnesses named. McKenzie testified that he was present at the still in question at the time complained of, but there is nothing in his testimony showing or tending to show that he in any manner assisted in the distilling, making, or manufacturing the whisky, or in operating the still. He did give evidence to the effect that, after the distilling, etc., of the whisky was completed, and they were fixing to leave and go home, "I helped them to tote some of the whisky to the buggy." And Mrs. Pate, the other witness, testified, "I never did see Mr. Gann (defendant) at the still." On recross-examination, she said, "I went with my husband to the still on one Sunday evening; I know where the still was; I have been down there to it; I carried vessels down there."

The above-quoted testimony is all that was given by these witnesses as to their knowledge of or connection with the still, and is not sufficient in our opinion to constitute them the accomplices of this defendant in the possession of the still or its operation. The court therefore ruled correctly in declining to exclude the evidence, and the exception reserved is not well taken.

[3, 4] We are of the opinion, however, that the court, by its rulings, unduly and injuriously abridged the right of defendant to show the bias and prejudice of the two state witnesses. Each of the witnesses testified they were friendly to defendant. In order to test their sincerity in making this statement, the defendant made repeated efforts to show that the statement was untrue, that as a matter of fact neither of the witnesses did feel friendly toward him, and that they were "sore at him" for having participated in the swearing out of a warrant against the woman witness Mrs. Pate (daughter of the other state witness, McKenzie); said warrant charging her with the offense of shooting her own husband.

As affecting the credibility of a witness, it is always permissible to show his feeling or bias, and the general rule is that on cross-examination of a witness any fact may be elicited which tends to show bias or ill will. Byrd v. State, 80 So. 777, 17 Ala. App. 301. The exceptions reserved to the court's rulings in this connection were well taken, and the manifest errors in these rulings necessitate a reversal of the judgment of conviction.

Other questions are presented, but we note they are not of serious import.

Reversed and remanded.