(120 So. 467)

## STANFIELD v. STATE.  (7 Div. 519.)

Court of Appeals of Alabama.  Feb. 26, 1929.

E. O. McCord & Son, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.  ██ One of the principal witnesses for the state was a man named Campbell.  This witness testified to a state of facts which, if believed by the jury, beyond a reasonable doubt, would convict the defendant.  It was error for the court to refuse to permit the defendant on cross-examination to inquire of this witness, if he expected to receive a part of the $50 fee paid by the state in cases of this character.  Any fact tending to show bias or ill will may be elicited on cross-examination of a witness as bearing on his credibility.  Gann v. State, 21 Ala. App. 347, 108 So. 269; Lock v. State, 21 Ala. App. 81, 105 So. 431.

██ The state first introduced as a witness J. H. Turner, who testified to the location and operation of a still, and as its next witness, J. W. Campbell, who testified to the location and operation of a still.  This testimony was objected to, and exception reserved.  This would have constituted error, but for the subsequent testimony of the state, connecting this testimony, tending to show that the same still was seen by both witnesses at different times.  It makes no difference that one of the witnesses saw defendant in possession of the still, and another on a later day.  Possession is continuing, and once proven is presumed to continue.  Under the facts there was one possession, and no election was necessary.

██ John Turner was one of the principal witnesses for the state.  The defendant introduced one Sol Claburn, who, after testifying that he knew the witness John Turner, knew where he lived, etc., qualified as to his knowledge of character as follows: "I only know his character by what was said of him.  So far as I know I know his character."  We are of the opinion that this was a sufficient qualification, and the trial court should have permitted this witness to answer the question as to whether Turner's character was good or bad.  Dave v. State, 22 Ala. 23.

The remark of the solicitor, to which exception is reserved, is too fragmentary to present an exception for intelligent consideration.  Other exceptions are without merit.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.