147 So. 646

## BERRY v. STATE.
### 7 Div. 955.

Court of Appeals of Alabama.
Feb. 28, 1933.

Rehearing Denied March 21, 1933.

J. A. Johnson, Isbell & Beck, and Haralson & Son, all of Fort Payne, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

**BRICKEN, Presiding Judge.**

Count 1 of the indictment was charged out by the court upon the theory that there was no evidence adduced upon the trial to sustain the charge in said count. Appellant, of course, cannot complain at this, to him, favorable action of the court, and no insistence to this end is made.

The remaining counts of the indictment 2 and 3 charged this appellant with the unlawful possession, etc., of a still, etc., to be used for the purpose of manufacturing or distilling prohibited liquors or beverages. The jury returned a verdict of guilty as charged in counts 2 and 3 of the indictment, and the defendant was duly sentenced accordingly. From the judgment of conviction this appeal was taken.

At the conclusion of the state's case, defendant made motion to exclude the evidence upon the grounds that it failed to make out a case against him. The same insistence was made in the motion for a new trial and likewise by asking the affirmative charge. On appeal here, this is the only insistence of appellant, notwithstanding several exceptions were reserved to the court's rulings upon the admission of evidence. There is no merit in these exceptions. This so clearly appears they need not be discussed. On the question of the sufficiency of the evidence we note, the testimony for the state tended to show that the raiding officers located five stills, all of which were within a few feet of each other, and three of the stills had fire under them, and four of the stills were filled with beer; that, when the officers (in the day time) first discovered these stills, they saw two persons at the still, and at the same time they saw this appellant "coming from across the hill with a load of wood in his arms." Saw him go up to the still with the wood and put it down on the ground. The officers waited some ten or fifteen minutes before separating and closing in on the stills, and, when they did this, the defendant was at the stills and ran at the approach of the officers, but was overtaken and arrested by the sheriff. The several state's witnesses testified in substance to the foregoing, and all this evidence is without dispute, as the accused offered no testimony in his own behalf.

In the case of Lock v. State, 21 Ala. App. 81, 105 So. 431, 432, this court said: "The facts in this case were sufficient to warrant the jury in finding the defendant guilty, and therefore the general charge was properly refused. We have said, and it is the law, that the mere presence at a still, without more, will not warrant a conviction, but any act of the defendant in and about a still which indicates an interest in, or that he is aiding or abetting in the possession, may be taken as sufficient upon which to base a verdict of guilt."

In the case of Pulliam v. State, 24 Ala. App. 355, 135 So. 410, this court said: "The acts of the defendants in and about the still testified to by the state's witnesses, coupled with a precipitate flight on discovery, were sufficient facts upon which to base a verdict of guilt." See, also, Milam v. State, 24 Ala. App. 403, 136 So. 831.

In line with the foregoing authorities, we perforce must hold that the facts proven upon the trial of this case made a jury question, and therefore the court committed no error in submitting the case to the jury for its determination.

No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.