18 So.2d 435

## RIKARD v. STATE.

### 8 Div. 397.

Court of Appeals of Alabama.

March 21, 1944.

Rehearing Denied April 11, 1944.

Wm. Stell, of Russellville, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

Conviction was under Section 131, Title 29, Code of 1940, for the illegal possession of a moonshine still.

The State's case, under the evidence, was that the defendant and two others, not on trial, were working at the still when the raid was made. The defendant and one Stout were "measuring up the liquor", siphoning it from a large barrel into smaller kegs, and the third, one Devaney, was removing the worm from the still. When the State's witness first obtained a view of the scene "they were pulling the fire from under the still." The still and surrounding premises indicated a run had just been completed and about thirty-five gallons of liquor had been run off.

The appeal challenges the sufficiency of this evidence to sustain the charge. A reversal is argued for the refusal of the trial court to direct a verdict for defendant. The Moon (Moon v. State, 19 Ala.App. 176, 95 So. 830), and Davis (Davis v. State, 26 Ala.App. 370, 160 So. 266) cases are cited as sustaining authority. It is our view, however, that these cases are readily distinguishable from the instant one, and that the court ruled correctly in submitting the issue of guilt to the jury.

As was said by the late lamented Judge Samford in the case of Lock v. State, 21 Ala.App. 81, 105 So. 431, 432: "We have said, and it is the law, that the mere presence at a still, without more, will not warrant a conviction, but any act of the defendant in and about a still which indicates an interest in, or that he is aiding or abetting in the possession, may be taken as sufficient upon which to base a verdict of guilt." This seems to apply here. The conduct of all three of the named parties, as testified to by Sheriff Nix, bore strongly against their innocence, and a directed verdict would have been unauthorized. See also Milam v. State, 24 Ala.App. 403, 136 So. 831.

It is, of course, axiomatic, in such cases, that a directed verdict is improper where the evidence raises a substantial inference against innocence. Brown v. State, 30 Ala.App. 5, 200 So. 637, certiorari denied 240 Ala. 648, 200 So. 640; Emerson v. State, 30 Ala.App. 89, 1 So.2d 604, certiorari denied 241 Ala. 141, 1 So.2d 605; 6 Alabama Digest, Criminal Law, 753(2).

In view of the omission from the record of the court's oral charge, action in refusing the special written charges (except the general affirmative charge) cannot be reviewed. Allen v. State, 20 Ala. App. 402, 102 So. 602.

The whole case carefully considered, we can find nothing to justify a reversal.

Affirmed.