69 So.2d 896

## BURGESS v. STATE.

### 8 Div. 348.

Court of Appeals of Alabama.

Oct. 6, 1953.

Rehearing Denied Oct. 27, 1953.

Russell W. Lynne, Decatur, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of having in his possession a still, apparatus, appliance or device, etc., to be used for the purpose of manufacturing prohibited liquors. He was sentenced to the penitentiary for a term of five years.

The Sheriff of Morgan County, with three deputies, two policemen and an agent of the Alcoholic Beverage Control Board made a search of defendant's premises on a Sunday in October, 1951, and found a complete tank-type still, approximately 1500 gallon size, filled with "live mash" containing alcohol. The still was on defendant's land about 600 feet southwest of his house on a little ridge near a ravine in some pine trees or bushes. A rubber garden hose reached from the still tank back to defendant's barn, 80 or 90 feet west of the house, the end of the hose being 15 or 20 feet from a water hydrant in the hog lot. Another

length of hose was found nearby and when connected to the long section completed the connection from the still to the hydrant. There was a well-worn path leading from the still to the barn and on into the yard between the barn and house. In a locked outbuilding there was a number of empty one gallon jugs and one or two five gallon containers. All of these containers were of the type commonly used in whiskey manufacture. The defendant and his family were away from home.

About a month later the sheriff and a deputy went to defendant's home with a warrant for his arrest. When they approached the house defendant ran and was found lying in a ditch back of the cornfield. When asked the reason for his flight he stated he knew the officers had a warrant for his arrest and thought he could get away.

Defendant's sole witness was his father, Luther Burgess. He testified defendant had been working for some time in Ohio, but returned home in April of 1951. While he was away witness had charge of defendant's farm and had rented it to Dave McClellan in 1951, and defendant made a crop that year with his father. Defendant's family did not go with him to Ohio, but stayed on the farm. Defendant was living in the house with his wife and five children. His oldest son was seventeen. Defendant's father and brother were his nearest neighbors. Witness saw trails leading from the still in directions other than toward defendant's house. On the day of the raid the defendant had gone to Decatur on some timber business. Some time after the raid the sheriff said in a conversation in Decatur that he had a warrant for defendant's arrest and witness told defendant what the sheriff said.

Appellant urges that the State has failed to meet the burden of proof necessary to a conviction and that the evidence adduced was insufficient to sustain the verdict of the jury and to support the judgment of conviction. He contends the State has failed to prove that defendant was in possession of the still, had ever been present at it, or even knew it was on his premises.

We are of the opinion that the facts and circumstances adduced presented a question for the determination of the jury, as to the defendant's possession of the still, and were ample to sustain the verdict, and there was no error in the court's action in denying the motion to exclude the State's evidence, nor in refusing the requested affirmative charge or overruling the motion for a new trial.

The judgment of the trial court is affirmed.

Affirmed.