152 So.2d 689

Gaston **ETHERIDGE**

v.

**STATE.**

**1 Div. 928.**

Court of Appeals of Alabama.

April 23, 1963.

Lee B. Williams, Grove Hill, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Borrowing from the common law principles of larceny, our Legislature has inserted in the prohibition law a provision that the unexplained possession of any part

of a still can constitute prima facie evidence of violation of Article 3, T. 29 of the Code.

Here the State showed a complete still. But no one was about when the witnesses saw it. The land title was not in evidence. Common repute was that the defendant's father had owned it in his lifetime.

son the defendant went free; under Burgess he went to prison.

In the interest of quick analysis, we outline some of the significant facts in each case placed in parallel columns:

| Burgess | Hudson |
|---|---|
| Charge: Possession of still. | Possessing still. |
| Date of Offense: October, 1951. | February, 1946. |
| Description of apparatus: Tank type 1500 gal. Filled with live mash. | Drum type charged with mash or beer; also crocus sack and clear glass jugs—5 gal. |
| Presence of defendant at still: No. | No. In a field adjoining house. (Half a quarter from house.) |
| Location: Land a) On defendant's land. Distance b) 600' SW of house. | a) Witness didn't know. b) 15 steps beyond fence, i. e., 1/4 mile from house. |
| Circum. c) Rubber garden hose reached from still tank back to defendant's barn 80'–90' West of house. | |
| Water spigot: End of hose 15' or 20' from water hydrant— Another section of hose nearby. | At still and on back porch of house. |
| Jars, jugs: In locked outbuilding. | No. |
| Flight: Yes. | Negro man in field (he had a pint of moonshine whiskey). |
| Others present (at house): Defendant resided there with wife and children. | (Not shown expressly) |
| Duration of still's being set up: (Not shown expressly) | Tracks from house to fence. |
| Trails: Some going elsewhere than defendant's curtilage. | |

We are confronted with what is possession. This subject can only be worked out from case to case rather than be deducible from the statement of an abstract general rule.

Two of the leading cases with regard to the possession of stills are Hudson v. State, 249 Ala. 372, 31 So.2d 774 (reversing the Court of Appeals), and Burgess v. State, 37 Ala.App. 345, 69 So.2d 896. Thus in Hud-

What can we say makes the Burgess case stronger than Hudson? *First*, Burgess fled when the law approached. *Second*, he had two pieces of water hose within his curtilage which could reach the still. *Third*, Burgess's jars and jugs were under lock and key.

In the instant case, an ABC agent and a deputy sheriff found a still in a pasture on what was known as the Etheridge place. Four barrels of not yet fermented rye mash were in the still yard.

Running some 500 feet up a hill lay a rubber garden hose. Some 100 feet beyond was a water faucet. The water came from an electric pump on a well.

Etheridge was staying in a house from which the electricity to run the pump was tapped by means of plugging into a socket on the front porch.

The pump was "sitting in the back yard of the residence." Approximately 100 feet of hose was attached to the faucet at the pump. The raiding party hooked this hose to the length lying over the hill in the pasture and ran water to the still. There was "very little slack" when the two sections were joined.

Mr. Etheridge paid the electric bill.

The State failed to show who owned the pasture. The only defense witness, Mr. Alectus Etheridge, a brother of the defendant, testified that the land on which the house was located had been deeded to a sister of theirs. Any of the children who would go home might stay in the house with the defendant.

There was testimony of there being only a principal trail (running toward the house), but on cross a State witness acknowledged the existence of an old trail which ran from the still yard toward another house.

This second house was then vacant but had been once occupied by a third brother who, incidentally, along with two other men, was present with the defendant on the occasion of the raid.

The only suspicious object found on a search of the house was a sack of rye. The officer admitted that the rye he found could as readily be used for seed or feed as for mash.

Like the Burgess case, the water hose evidence here affords a stronger inference (than the evidentiary hiatus in Hudson) of someone using water from the curtilage to cool the distillery coils. In Burgess the hose from the still was only 15 to 20 feet from the hydrant. Here, on the other hand, there was a gap of over 100 feet. Moreover, there was at the faucet hose of a length quite commonly used for watering yards and garden as contrasted with a short stop gap piece shown in Burgess.

There was no flight; no jar nor jug; several other persons present; and proof of what seems to be the joint right of possession of the house abutting the pasture.

During closing argument, the county solicitor said:

"* * * Usually if a defendant has any defense they put it before a Clarke County jury."

This statement we consider to be an indirect form of comment on the failure of the defendant to testify.

The trial judge sustained objection and excluded the statement from the jury's consideration. He denied a defense motion for mistrial. After verdict and judgment after hearing, he denied a motion for new trial based, inter alia, on the failure to declare a mistrial.

Under Davis v. State, 259 Ala. 212, 66 So.2d 714, and Willingham v. State, 261 Ala. 454, 74 So.2d 241, instructions of the trial judge can serve to eradicate the error. This point we pretermit here since we consider there was not sufficient credible evidence to make out the offense to the degree required. The affirmative charge should have been given. Hudson v. State, supra.

Hence the judgment below is

Reversed and remanded.