161 So.2d 154

James D. HOOD

v.

STATE.

8 Div. 924.

Court of Appeals of Alabama.

Feb. 18, 1964.

H. Neil Taylor, Russellville, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant, James D. Hood, was indicted jointly with one James G. Flanagan for the offense of possessing a still for the purpose of manufacturing prohibited beverages. Appellant's separate trial resulted in a conviction for said offense.

The tendencies of the state's evidence are that Hood and Flanagan were seen by law enforcement officers at a whiskey still in the Southeastern part of Franklin County. Flanagan was standing on the still dipping spent mash from the boiler and handing it to Hood, who was standing on the ground pouring it out. Spent mash is mash that has been run and before the still is operated again the used mash is emptied out, leaving only enough to start fermentation. A sack of crushed corn was sitting near the still. The officers did not recall finding any sugar.

When they saw the officers the men at the still ran away. They were chased and both were captured. Hood was found sitting in a ditch about a quarter of a mile away. The area was thickly covered with underbrush and briars and Hood's face, arms and hands were scratched and bleeding.

At the Russellville Jail Hood told the officers this was his first time at the still; that this would have been the second run on it; that he had loaned money to Flanagan and one Harris. Proper predicate was laid for the admission of these statements.

Defendant testified that he was engaged in road construction work, but the work was closed down on account of bad weather; that he was hunting in the vicinity of an old abandoned house and he didn't know the still was there until he was arrested; that he was not at the still and did not get within half a mile of it while hunting. He denied telling the officers he was at the still or that he had a financial interest in it. He had loaned a small sum of money to Jean Harris during cotton picking season, but the money had been repaid. The first time he ever saw Flanagan was after the officers arrested him.

The officers testified they found a complete still, except for a condenser, which is an essential part of a still when it is in actual operation. The parts of the still present were such as are commonly or generally used for or suitable to be used in the manufacture of prohibited liquors or beverages. Under Section 132 of Title 29, Code 1940, this evidence made out a prima facie case of a violation of Section 131, Title 29, Code, supra.

Whether the defendant unlawfully possessed the parts of a still presented a question for the jury.

The trial court properly refused the requested affirmative charge. No motion for a new trial was filed.

We have carefully searched the record and find no reversible error. The judgment of conviction is due to be affirmed.

That portion of the judgment which reads:

"* * * and that the State of Alabama for the use of Franklin County

does have and recover of the defendant all costs incurred herein for which let execution issue," is unauthorized and void, but will here be regarded as mere surplusage.

The judgment is corrected in this respect. Thomas v. State, 41 Ala.App. 674, 149 So.2d 290.

As corrected the judgment is due to be and hereby is affirmed.

Affirmed.