198 So.2d 308

Welch KING

v.

STATE.

8 Div. 70.

Court of Appeals of Alabama.

April 18, 1967.

Stone & Grass, Guntersville, for appellant.

MacDonald Gallion, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

King appeals from a judgment of conviction of possessing a still and sentence to serve two years in the penitentiary. After his motion for new trial was overruled, he submitted his appeal December 22, 1966.

### I.

Two deputy sheriffs saw King come up to a stillyard with some jugs.

King first lit a burner under the still. The still pot was "charged" with mash. Second, he put about twenty gallons of water in the flake stand. Third, using "dough" [probably clay], he sealed the capper atop the pot. Then he adjusted the line which carried the vapor to the thumper and thence to the condenser in the flake stand. Outside the water filled flake stand, whiskey was dripping out of a pipe which ran from the bottom of the condenser.

King's explanation of his presence was that he was searching for his stray coon hound. The true distillers, he told the jury, took to their heels when he came on the site.

### II.

One claim of error is based on the sufficiency of the evidence to support the verdict.

This contention rests on the rule that mere presence of a person at a still on land not his own will not alone support a conviction for possession of the still.

Ethridge v. State, 42 Ala.App. 77, 152 So.2d 689, is not apt because no one was found at the stillyard. In Hood v. State, 42 Ala.App. 286, 161 So.2d 154, however, Flanagan and Hood were seen getting the spent mash out of the still pot preparatory for charging it up for fermentation and another distilling. This activity denoted enough felonious possession to support the verdict on which the judgment of conviction rested.

Rikard v. State, 31 Ala.App. 374, 18 So.2d 435, bears the imprimatur of the Supreme Court, per Merrill, J.[1] In *Rikard,* supra, Mr. Justice Simpson, then one of the puisne judges of this court, opined thusly:

"The appeal challenges the sufficiency of this evidence to sustain the charge. A reversal is argued for the refusal of the trial court to direct a verdict for defendant. The Moon (Moon v. State, 19 Ala.App. 176, 95 So. 830), and Davis (Davis v. State, 26 Ala.App. 370, 160 So. 266) cases are cited as sustaining authority. It is our view, however, that these cases are readily distinguishable from the instant one, and that the court ruled correctly in submitting the issue of guilt to the jury.

"As was said by the late lamented Judge Samford in the case of Lock v. State, 21 Ala.App. 81, 105 So. 431, 432: 'We have said, and it is the law, that the mere presence at a still, without more, will not warrant a conviction, but any act of the defendant in and about a still which indicates an interest in, or that he is aiding or abetting in the possession, may be taken

---

1. Dixon v. State, 269 Ala..598, 115 So.2d 269.

as sufficient upon which to base a verdict of guilt.' This seems to apply here. The conduct of all three of the named parties, as testified to by Sheriff Nix, bore strongly against their innocence, and a directed verdict would have been unauthorized. See also Milam v. State, 24 Ala.App. 403, 136 So. 831.

"It is, of course, axiomatic, in such cases, that a directed verdict is improper where the evidence raises a substantial inference against innocence. * * *"

Defendant's activity, if the State's witnesses were believed by the jury to the degree required in a criminal cause, cannot here be viewed as innocent.

### III.

Objection was made to the reception of two photographs of the apparatus because the photographer did not testify. Appellant contends in brief as follows:

" * * * the person that took the picture[s] was not present in Court * * * and they were admitted in evidence over the objections of Appellant during testimony of State's witness who was not even present when [they were] taken. According to * * * Officer Smalley he was present when the pictures were taken and he testified it was January 1966 (transcript page 37) but that nothing had been changed from the time they confronted Appellant until the pictures were taken even though Officer Bearden testified that he had turned off the burners and the date was November 26, 1965 (transcript page 15) that the pictures were taken.

"It is also the earnest contention of Appellant that the photographs introduced in evidence were irrelevant and immaterial to the issues in the case as the Appellant did not dispute that there was a still present and that he was there and further that the still portrayed in the pictures looked like the one he saw. Therefore there was not a single dispute

to be proved by the State in the introduction of the picture to potray a still and further that the introduction of the pictures were for the purpose of arousing the prejudice of the jury against the Appellant. * * *"

One may not validly object to the reception in evidence of a photograph properly identified by a witness cognizant of the matter photographed solely on the ground that it was not introduced by testimony of the photographer.

If a photograph is received via the testimony of a witness present at or about the time of the portrayal and if the portrayal is relevant to the issues, a proper foundation is laid. The testimony of the person who took the photograph is not essential if another witness testifies as to the authenticity of the picture.

Gardner, J., wrote in Alabama Trunk & Luggage Co. v. Hauer, 214 Ala. 473, 108 So. 339:

"Plaintiff, while a witness for himself, identified a photograph as that of one of the signs. He was entirely familiar with the signs, and testified that the photograph of the sign was an accurate picture thereof. The photograph was then offered in evidence by plaintiff, over defendant's objection. The insistence seems to be that it was inadmissible, for the reason the witness did not take the photograph or see it taken. But he was thoroughly familiar with the signs, and identified the photograph as a correct representation thereof. There was no error in permitting its introduction in evidence. * * *"

Another facet of foundation testimony for admission of a photograph was discussed by Bouldin, J., in Strickland v. Davis, 221 Ala. 247, 128 So. 233:

"Photographs identified by a party having personal knowledge of the location as true photographs of the scene, and showing the road, the tree, and other

permanent objects in their relation to each other, are properly admitted in evidence. It is not necessary to produce the photographer or other person present who saw the location of the camera, where this is reasonably apparent from the photographs, or where the photograph discloses matters of importance regardless of where the camera was placed. * * *"

As to the origin of the photographs, we quote in part from the testimony of Mr. Smalley:

"Q Did you take some pictures of that scene?

"A Yes, sir, there was some pictures taken.

"Q Did you take the pictures?

"A No.

"Q Were you there when the pictures were taken?

"A Yes, sir, I was.

"Q Who took them?

"A Elmer Henderson.

"Q Where did he come from?

"A He come back ahead of Mr. Bearden.

"Q Someone else did come upon the scene?

"A Yes, sir.

"Q When did he get there?

"A Some thirty minutes, I guess, after Mr. Bearden left.

"Q Were you there when the pictures were taken?

"A Yes, sir.

"Q Had the still been altered or changed in any way from the time that you walked upon Mr. King there until the time the pictures were taken?

"A No, sir, it wasn't.

"MR. CAMPBELL: You can ask him.

"CROSS EXAMINATION BY MR. GRASS:

"Q Who was it you said came up and took the pictures?

"A Mr. Henderson—Elmer Henderson.

"Q Is Mr. Henderson here today?

"A No, sir.

"Q Where is Mr. Henderson?

"A I believe he is out on a break in."

■ From earlier testimony, the date was fixed as November 26, 1965. However, on cross this witness twice referred to January 26, 1966. This conflict was for the jury to reconcile.

In City of Anniston v. Simmons, 31 Ala. App. 536, 20 So.2d 52, we find:

"Naturally, the photograph could not have been made simultaneously with the accident—we believe the accident happened after dark. But 'the mere fact, * * * that photographs were taken at a time different from that in question does not render them inadmissible if witnesses are able to verify them as substantial representations of the conditions as they existed at the time in question.' 20 Amer.Jur. 611."

In Powell v. State, 40 Ala.App. 148, 109 So.2d 525, defense counsel sought to head off the State's using a gruesome but relevant photograph. The manoeuvre employed was making a unilateral admission,

"There is no question as to the location or extent of the wounds."

We there rejected the thrust of State v. Jones, 201 S.C. 403, 23 S.E.2d 387, that such an admission obviates the need for further evidence.

Rather we cited with approval State v. Leland, 190 Or. 598, 227 P.2d 785, that the prosecution, subject only to the rules of evidence and standards of fair play, is entitled and well-nigh obliged "to prove its case up to the hilt and to choose its own way of doing so  *  *  *."

■ That the evidentiary character of the photographs was cumulative merely does not render them inadmissible. Reedy v. State 246 Ala. 363, 20 So.2d 528.

The photographs here admitted saved many words of description. That they reinforced the testimony against the defendant was within the scope of the risk he ran in his enterprise.

### IV.

■ The trial judge's sustaining of the State's objection to a question as to how many children defendant had was correct. This was palpably irrelevant. Fisher v. State, 23 Ala.App. 544, 129 So. 303.

■ As Coleman, J., noted in Knight v. State, 273 Ala. 480, 142 So.2d 899, irrelevant testimony regarding a murdered man's children is prejudicial. Conversely, that a defendant's departure for durance vile may deprive his dependents of his support and company, is an irrelevance potentially prejudicial to the prosecution.

We have carefully reviewed the entire record agreeably with the directive in Code 1940, T. 15, § 389, and consider the judgment below is due to be

Affirmed.