255 So.2d 55

**Eugene REAVES, alias**

v.

**STATE.**

**6 Div. 252.**

Court of Criminal Appeals of Alabama.

Nov. 23, 1971.

Petition Stricken Dec. 30, 1971.
See —— So.2d ——.

Calvin M. Howard, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and John A. Yung, IV, Asst. Atty. Gen., for the State.

CATES, Judge.

Hit and run driving: sentence, five years in the penitentiary. Act No. 427, July 9, 1945.

■ A car hit a white female pedestrian in Powderly and did not stop. The State put a witness on the stand who testified that a few minutes after the time of the woman's being hit, the defendant drove into his filling station. Reaves told this witness that he had hit two Negroes in Powderly. He asked that the witness tell the police (if questioned) that Reaves had left his car that day to be worked on. The witness refused. There was other testimony establishing the corpus delicti.

■ The above delineated testimony tended to show, if believed to the required degree, a consciousness of guilt on the part of the defendant. That he mentioned Negroes rather than a white woman need not bind the State to that aspect of his admission. The jury was at liberty to infer that he was trying to hoodwink this witness as well as the police.

■ The photographer is not an indispensable foundation witness for the introduction of a photograph. True, a photograph is not self-proving. Mitchell v. State, 43 Ala.App. 427, 191 So.2d 385. However, any person familiar with the matter, or scene portrayed, can furnish the predicate for the picture. Alabama Trunk & Luggage Co. v. Hauer, 214 Ala. 473, 108 So. 339; King v. State, 43 Ala.App. 628, 198 So.2d 308. Thus State's Exhibits 1, 2, and 3 were properly admitted.

No objection was taken to the reception of State's Exhibit 4. No ineradicable prejudice arose from its reception.

We have considered the entire record under Code 1940, T. 15, § 389, and consider the judgment below is due to be

Affirmed.

