The Grand Jury of Jefferson County returned an indictment against the appellant, Wayne Cameron Hurst, charging him in count one with theft of property in the first degree; in count two with receiving stolen property in the first degree; in count three with burglary in the third degree. The appellant entered a plea of not guilty. A jury found the appellant guilty of theft in the first degree as charged in the indictment. The appellant being a habitual offender was duly sentenced to be imprisoned in the penitentiary for a term of life, and appeals to this Court.
Appellant was represented at all proceedings in the trial court, and in this Court, by the same counsel appointed by the trial court. This appeal was submitted to this Court on briefs.
The appellant states in his brief four reasons why his conviction should be reversed; first, that the trial court denied appellant's motion for a value appraisal at state's expenses; second, the trial court erred in admitting into evidence state's exhibit one, a photograph of jewelry and items of silverware described in the indictment; third, the trial court erred in its oral charge to the *Page 1126 
jury; fourth, that the verdict of theft, first degree, was contrary to the evidence, and contrary to the law as charged to the jury by the court.
State's evidence tended to prove: That on May 6, 1980 Mrs. Nancy Miller Crawford, a schoolteacher, lived at 1915 Charlotte Circle, Fultondale, in Jefferson County, Alabama; that after locking her home, she left about seven-fifteen or seven-thirty, A.M.; that Mrs. Crawford and her little three-year-old girl were the only persons in her home just before they left; that the doors and windows of her home were locked when she left; that she is familiar with all the items alleged in the indictment to have been taken from her home in this case, and they were all locked up in her home when she left; that when she returned to her home at about three-thirty that afternoon, her gold bracelet, gold wedding band, gold bead necklace, class ring, four silver tablespoons, two silver dinner forks, one silver meat fork, two silver salad forks, one silver teaspoon, one silver demitasse spoon, and one silver gravy ladle were gone from her home. That they were all of the items described in the indictment, and were of the value of $2,300.00.
State's evidence further tended to prove that on the 7th day of May, 1980 Mrs. Crawford, after receiving a telephone call while she was at school, went down to the Title Book Store where she met Mr. Herman Moore for the first time, and made a positive identification of each article that had been removed from her home without her permission; Mrs. Crawford was shown state's exhibit number one, and testified that it was a photograph that truly and accurately shows each item taken from her home as when she next saw them after they were removed from her home. That the police took custody of the items, and returned them all to Mrs. Crawford in August when she moved to Knoxville, Tennessee; that she now has all the items, and they are at her home in Knoxville, Tennessee.
State's evidence further tended to prove that on the 6th day of May, 1980 Mr. Herman Moore was President of Title Book Company situated at 3013 Second Avenue, South, Birmingham, Jefferson County, Alabama, and was engaged in the business of buying gold and silver. That he knew the appellant; that about eleven, A.M. on May 6, 1980 the appellant brought in the articles described in the indictment, and that Mr. Moore classified them as junk jewelry and silverware, evaluated them, and weighed up the silver and gold, and paid the appellant, in cash, $292.00 for them. That the next day, the 7th of May, 1980, Sergeant Cole and Officer Short went to Mr. Moore's place of business, and showed him a picture of the appellant, and Mr. Moore identified him as the person who brought the articles described in the indictment in and sold them to him; that Mr. Moore turned the articles he had bought from appellant on May 6, 1980 over to the officers. That Mr. Moore knew the appellant, and had bought merchandise from him before on four or five different occasions. That Mrs. Crawford came to Mr. Moore's place of business while Officer Short and Sergeant Cole were there, and was able to, and did, identify her property for Mr. Moore and the officers.
State's evidence further tended to prove that on May 7, 1980 Sergeant W.E. Cole was employed by Fultondale Police Department; that he was involved in the investigation of a breaking and theft from the home of Mrs. Crawford; that state's exhibit one is a picture of the items that were recovered from the Book Store, and also identified by Mrs. Crawford as being her property, and were later turned over to her by Sergeant Cole; that on the 7th day of May, 1980 he talked with the appellant on two occasions; that after proper predicates were laid on each occasion, the first being about eleven, A.M., the appellant stated that he knew nothing at all about the matter. At a conversation held about two P.M. appellant stated that there was no one with him when he broke into the home of Mrs. Crawford; that he was the one that sold the stuff to Mr. Herman Moore; that the appellant refused to sign anything. The state rested. The appellant moved to exclude the state's evidence on the basis that it failed to make out a prima facie case *Page 1127 
on either count of the indictment. This motion was overruled. The state moved to strike counts two and three. Appellant offered no evidence on his behalf, and rested his case. Counts two and three were withdrawn from the consideration of the jury, and only count one of the indictment was submitted to the jury for its consideration.
The first error complained of by the appellant is that the trial court refused to grant his motion for a value appraisal of the items described in the indictment. Appellant made a pre-trial motion stating that he was arraigned on a three-count indictment alleging violation of Title 13A-8-3, 13A-8-17, and13A-8-43. That in counts one and two the value of the property taken was alleged. That appellant was determined to be an indigent, and counsel was appointed for him, and that appellant was without funds to hire an expert appraiser to aid him in his defense. Appellant asked that the court allow him to hire an expert appraiser at state's expense.
The Alabama law for the defense of indigents, Code Of Alabama, 1975, Chapter 12, Sec. 15-12-1 to Sec. 15-12-46
provides no statutory authority to provide funds for an expert appraiser for a defendant charged with theft of property. This is a matter for the legislative branch of our Government. We hold that the trial court did not err when it denied appellant's motion for an expert appraisal of the items described in the indictment at the expense of the state. Tillisv. State, 292 Ala. 521, 296 So.2d 892; Brown v. State, Ala.Cr.App., 392 So.2d 1248; Certiorari Denied, Ala.,392 So.2d 1266; Thigpen v. State, Ala.Cr.App., 372 So.2d 385; CertiorariDenied, Ala., 372 So.2d 387.
The second contention of appellant is that the trial court allowed state's exhibit one to be introduced over his objection. The ground of appellant's objection to the exhibit was that it was not the best evidence. A photograph is properly admissible in evidence if it is properly verified by a person who is familiar with the subjects of the photograph, and it tends to prove, or disprove, some other evidence offered in the case. Mrs. Crawford testified what items were taken from her home, she identified the items for Mr. Moore, and for the police, and she testified that state's exhibit one truly and accurately showed each item as when she next saw them after they were removed from her home. That their value was $2,300.00. Mr. Moore testified the jewelry and silverware was classified as junk, and he paid $292.00 for it. A proper picture of the articles taken would shed light on their value, and on evidence given by Mrs. Crawford and Mr. Moore and assist the jury in arriving at the truth of the matter. We hold that the trial court properly admitted state's exhibit one into evidence. Crane v. State, 55 Ala. App. 619, 318 So.2d 315; Hurstv. State, 54 Ala. App. 254, 307 So.2d 62; Moore v. State,50 Ala. App. 616, 282 So.2d 56; Reaves v. State, 47 Ala. App. 386,255 So.2d 55; Shields v. State, 52 Ala. App. 690, 296 So.2d 786.
The third contention of the appellant is that the trial court erred in its oral charge to the jury. Objections to an oral charge, or to a part of the trial judge's oral charge, should set out the particular parts which are objectionable, and not merely refer to the charge on a particular subject. The objection of the appellant to the court's oral charge is stated in the record, as follows: "Your Honor, I want to object to that portion of the Court's charge where the Court indicated that the monogramming of the silver cannot be determined market value." The foregoing objection to a part of the judge's oral charge to the jury presents nothing to this Court for review.Alabama Power Company v. Smith, 273 Ala. 509, 142 So.2d 228;Shields v. State, supra.
The sufficiency of the evidence to make out a case of theft of property in the first degree is properly raised by the appellant. The evidence in this record sustains the jury verdict of guilty of theft in the first degree. The evidence tended to prove: That Mrs. Crawford was the owner, and in possession, of the gold jewelry and silverware when it was taken from her home without her consent; that its value was *Page 1128 
$2,300.00 when it was taken; that the appellant had possession of it, and sold it to Mr. Moore as junk jewelry and silverware for $292.00 in cash. That the police recovered the jewelry and silverware, and returned it to Mrs. Crawford. The question of its value, and the appellant's guilt was for the jury. Code ofAlabama, 1975, Title 13A-8-1 (7), 13A-8-3 (a), Ala.Cr.App.,395 So.2d 1128.
We have searched the record and are of the opinion that reversible error does not appear. The judgment of the trial court is due to be and is hereby affirmed.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.